DAYTON M. ROUNDS and Another, Appellants, *v.* HERBERT W. FITZGERALD, Respondent.

Third Department, January 9, 1924.

Motor vehicles — action to recover for injuries to motor van suffered in collision with motor truck — motor vehicles approached each other on same street — view was unobstructed — plaintiffs' motor van ran into defendant's motor truck when latter turned to left at street intersection — both were traveling at same speed and were equidistant from intersection — error to refuse to charge that plaintiffs had right of way — General Highway Traffic Law, § 12, subd. 4, applicable — defendant's driver was guilty of negligence in not seeing plaintiffs' motor van — it was negligence for defendant's driver to turn across street without looking for approaching vehicles.

In an action to recover damages for injuries to plaintiffs' motor van caused by a collision with defendant's motor truck at a street intersection, it appeared that the two motor vehicles were approaching each other at about the same rate of speed and equidistant from the street intersection; that the defendant's driver, without warning, turned to the left at the street intersection and directly across the path of the plaintiffs' motor van for the purpose of entering the intersecting street; and that the plaintiffs' driver after he saw the defendant's driver make the turn was unable to stop the motor van before it collided with the defendant's truck.

*Held,* that it was error for the court to refuse to charge that, if the jury find that both motor vehicles were an equal distance from the center of the intersecting street and were approaching at the same rate of speed, the plaintiffs' van had the right to proceed across the intersecting street.

Under the circumstances, subdivision 4 of section 12 of the General Highway Traffic Law, which provides that every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from the right, is applicable.

The defendant's driver was guilty of negligence in failing to see the plaintiffs' motor van approaching, since the evidence shows that his view was unobstructed, and, furthermore, it is negligence for one driving a motor vehicle on a street to turn to the left and abruptly across the line of travel passing in the opposite direction on the other side of the street, without looking for approaching vehicles.

APPEAL by the plaintiffs, Dayton M. Rounds and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Broome on the 31st day of March, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the plaintiffs' motion for a new trial made upon the minutes.

*Couper & Terry* [*Clarence L. Chamberlain* of counsel]; for the appellants.

*Charles H. Burnett* [*Arthur J. Ruland* of counsel], for the respondent.

VAN KIRK, J.:

The occasion of this action was a collision between the plaintiffs' motor van and the defendant's motor truck at the junction of State and Eldredge streets in the city of Binghamton. Both vehicles were damaged. The plaintiffs brought this action to recover for the damages done their motor van. Defendant presented a counterclaim for damages to his motor truck. The jury awarded damages to defendant. Both vehicles were heavy; the motor van was, however, without load; the truck was loaded with dirt and, as so loaded, weighed about 22,000 pounds. The weight of the van is not given. Each vehicle was being driven by an employee of its owner. State street runs substantially north and, south. Eldredge street crosses State street and, as it leads to the west, crosses a bridge. Thus this part of Eldredge street is called in the evidence " Eldredge street bridge." The two vehicles were approaching each other on opposite sides of State street, the van going south, the motor truck going north. As they approached they were substantially the same distance from the intersection of the two streets and going at substantially the same rate of speed, about fifteen miles per hour. A disinterested witness standing in front of a building on the street testified that, just before the collision, he saw plaintiffs' van approaching this intersection about one hundred feet therefrom. He then turned and saw the defendant's truck about sixty feet from the intersection. This sixty feet, added to the distance across the street and making some allowance for the movement of the vehicles while he was turning to look from one direction to the other, shows that they were about equal distance from the point of collision. The driver of defendant's truck claims that he did not see the plaintiffs' van, although State street on either side of Eldredge street intersection is straight for more than one hundred feet and there was no vehicle or other obstruction to the view between them. State street is substantially forty-eight feet wide. As defendant's truck

approached the intersection the driver made a signal by extending his hand. This signal, however, if seen by the driver of plaintiffs' van, would not indicate anything more than that he was about to change his course or stop. If he was about to turn into Eldredge street it could not be known whether he was intending to turn to the right or the left. As he reached the intersection he turned abruptly to his left to enter Eldredge street bridge. He proceeded and the collision occurred on the westerly side of State street. The moving van struck the truck about in its center, at least in front of the rear wheels, driving it out of its course to the left. The wheel marks on the pavement showed that the brakes on the van had been set a distance of about thirty feet prior to the collision.

Section 12, subdivision 4, of the General Highway Traffic Law provides: "Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right." In *Ward* v. *Clark* (232 N. Y. 195) this statute is under review. In that case, when plaintiff was about 75 feet from the intersection, the defendant was about 150 feet from the same point and the rate of speed of the two cars seemed about the same. A collision, however, occurred, and the court said that the case was for the jury, that the supreme rule of the road is a rule of mutual forbearance; that the privilege given by this section of the statute " is not inflexible and absolute. A right of way, like a burden of proof, will establish precedence when rights might otherwise be balanced. It helps us little when without it the balance would be unequal. A right of way might turn the scales if, when the plaintiff started to cross, the cars had been equi-distant, or nearly so, from the point of the collision, due regard being had also for the speed of their approach."

The plaintiffs' counsel in the case at bar requested the court to charge as follows: " That if the jury find that both the plaintiffs and defendant were an equal distance from the center of the intersection of Eldredge and State streets, both approaching at the same rate of speed, the plaintiffs would be entitled to proceed across such intersection first. The Court: I decline to so charge. The same rule applies to both parties, that under the circumstances they were both bound to use the same degree of care and caution that a reasonably prudent man would have used under such circumstances." There being evidence in the case under which the jury could have found that the two vehicles, as they approached this intersection, were about equi-distant from it and going at about the same rate of speed, we think the charge was erroneous to the prejudice of the plaintiffs.

If the two vehicles had continued in the same direction in which they were going as they approached this·intersection, there would have been no collision; they were on opposite sides of the street. The plaintiffs' driver could not know, even though he saw the signal given by defendant's driver, that he intended to turn to the left and cross State street in front of plaintiffs' van. The first knowledge of defendant's intent to change his course in this manner was when he was making the turn. This was but a short distance from the point of the collision. The defendant's driver, however, knew, as he was approaching the intersection, that he intended to cross State street into Eldredge street. Under the evidence, conditions undisputedly existing, if he had looked, he must have seen the plaintiffs' van approaching this intersection on the opposite side of the street. Where two vehicles are approaching each other on a street in daylight, and there is no obstruction to the view between them and no excusing circumstances, a driver of one vehicle is negligent if he does not see the other vehicle. If he had looked he must have seen. It is negligence for one driving a motor vehicle on a street to turn, without looking, from his side of the street, abruptly across the line of travel passing in the opposite direction on the other side of the street. In so doing he is not using reasonable care to avoid a collision and is heedless of the consequences of his act to others; also, if he so turns to his left, cars passing in the opposite direction are approaching him on his right and it would be his duty to obey the section of the General Highway Traffic Law above quoted. This statute is one " intended for the guidance and protection of other travelers on the highway. * * * To omit, wilfully or heedlessly, the safeguards prescribed by law for the benefit of another that he may be preserved in life or limb, is to fall short of the standard of diligence to which those who live in organized society are under a duty to conform." Such omission unexcused is negligence. (*Martin* v. *Herzog*, 228 N. Y. 168.)

The jury denied a verdict to the plaintiffs, and it must be presumed that they found the driver of plaintiffs' van negligent. It seems to be undisputed that the marks on the pavement show that the brakes on plaintiffs' van were set when thirty feet away from the point of collision. It is a fair inference that the driver of the van saw the defendant's truck as it turned, and tried to stop. It would require an instant to apply the brakes after he realized the turn was to be made by defendant. The jury may have found he was going too fast.

There was no motion on the part of plaintiffs to dismiss the counterclaim, except on the ground that defendant has failed to

prove that the repairs made to defendant's truck were rendered necessary by the accident which occurred. The defendant's motion for a nonsuit at the end of plaintiffs' case was properly denied.

The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

All concur.

Judgment and order reversed on the law and new trial granted, with costs to the appellants to abide the event.