EDWIN P. MARSHALL, Respondent, *v.* WILLIAM RICHTER, Appellant.

County Court, Rensselaer County, May 15, 1929.

*Charles W. Marshall,* for the plaintiff.

*John J. Scully,* for the defendant.

BREARTON, J.   The appellant contends that the complaint should have been dismissed for the reason that the plaintiff was guilty of contributory negligence as a matter of law in turning to the left into One Hundred and Sixth street in the path of defendant who was proceeding south on Sixth avenue.   I do not think that the plaintiff was guilty of contributory negligence as a matter of law.   He testified that he was proceeding slowly in second gear and before turning to the left looked toward the north and saw no one approaching although he was able to see about forty or fifty yards.   The conditions at the time and place of the accident were unusual.   The ornamental electric light pole set into the ground at the intersection with a concrete base around it evidently made it difficult for the plaintiff to go to the right of the pole and it is undisputed it was in the dusk of the evening and was raining and snowing, so that it does not follow that the plaintiff was negligent in looking and not seeing the approach of defendant's car.   While it is true the defendant had the right of way this did not give him the right to proceed across the intersection without any regard to the plaintiff's presence.   The case of *Rounds* v. *Fitzgerald* (207 App. Div. 534), on which the appellant relies for a reversal of the judgment, has many features which are not present here and is, therefore, not applicable.   It appears from the testimony that the plaintiff and the defendant were not at equal distances from the intersection when the plaintiff first saw the defendant's car.   On the contrary, it appears that the plaintiff did not see the defendant's car until he was about to be struck and that the blowing of the defendant's horn and the collision were almost simultaneous and there was no other warning of the defendant's approach.   Further, the plaintiff might well be excused for not seeing more than forty or fifty yards on account of the snow and rain in the dusk.

A right of way, like a burden of proof, " will establish precedence

when rights might otherwise be balanced * * * a right of way might turn the scales if, when the plaintiff started to cross, the cars had been equidistant, or nearly so, from the point of the collision, due regard being had also for the speed of their approach. Even with the distances what they were, it was an element which the triers of the facts were to consider in their estimate of conduct. That, in the circumstances of this case, is, we think, the extent of its significance. The plaintiff was not to wait until there was no other car in sight. * * * Whether he started when there was danger, was a question [of fact] for the jury." (*Ward* v. *Clark*, 232 N. Y. 195, 198.)

I think there is sufficient evidence in the case to sustain the judgment, which is, therefore, affirmed, with costs.