Argued December 3, 1929; affirmed April 1, 1930

## McCARTNEY v. WESTBROOK

(286 P. 525)

*Frank C. Hesse* of Astoria (Norblad & Hesse of Astoria on the brief) for appellant.

*Loyal H. McCarthy* of Portland for respondent.

BEAN, J. This is an action for damages, resulting from an automobile collision near the intersection of the Old Goble road with the Lower Columbia River highway at Goble, Columbia county, Oregon. Defendant appeals from a judgment on the verdict, adverse to him.

At the town of Goble the Columbia River highway, which at that point runs in a northerly and southerly direction, is intersected at right angles by a cross-road leading from the S. P. & S. railroad station to some farming districts west of the highway. Commencing

at about Rainier, Oregon, and up to a point several hundred feet south of Goble, the Columbia River highway winds its way along some steep and abrupt bluffs, which at a point about 110 feet north of said intersection between said Lower Columbia River highway and Goble cross-road recede towards the west in a semicircular fashion for a depth of about 75 feet, leaving immediately to the west of said highway a semicircular space of ground about 110 feet long, which was graded and graveled and which was used by the customers of a little store known as the Fowler store which was located at the extreme curve of the said semicircular tract.

On the day in question plaintiff, in company with two other girls, had stopped her Ford coupe at the Fowler store, being on their way to school at Rainier. When the girls left the store they got into the car and thereupon plaintiff backed her coupe, which was facing the Fowler store, in a semicircular fashion, so the car would face in a northerly direction, and then drove up near the steep abrupt bluff immediately to the north of the semicircular tract, stopped the car with the emergency brake at the edge of the pavement and looked both to her right and left and, seeing no car coming in either direction, entered upon the pavement and started to cross the Columbia River highway in order to get to the east half thereof for the purpose of driving north on the said highway to Rainier.

The testimony, on behalf of plaintiff indicated that after entering upon the pavement, plaintiff's car, in crossing over towards the easterly side of the pavement for the purpose of going north, was at about the center of the pavement when plaintiff and the passengers in plaintiff's car noticed defendant's car coming at a high rate of speed in a southerly direction and a little to

defendant's left of the center of the road and about 75 or 100 feet away. That the occupants of plaintiff's car could see no effort on the part of defendant to stop his car; the plaintiff, feeling that she was in danger, although on her own side of the road, attempted to get off the pavement toward the railroad track which was near, when she was hit by defendant's car and after her front wheels were off the edge of the pavement; that her car was struck with such force as to turn it around and throw it completely off the pavement; that "defendant's car was going like a streak." The defendant knew about this side road and passed frequently.

If the occupants of the Ford car could see defendant's car 75 or 100 feet away when they were near the center of the pavement, no good reason was disclosed to the jury why defendant could not then see plaintiff's car and have slowed down, or stopped and avoided the accident, if the speed of his car had not been too great. This was evidently what turned the scale before the jury against defendant.

█ It is defendant's contention that plaintiff was attempting to enter the Columbia River highway from a private road or drive and emerged from a steep bluff which obstructed her view; that it was her duty, not only to stop her car, but if she was where her vision was obscured, it was her duty to get out of the car and ascertain if there was any approaching traffic from the north before she attempted to cross the highway.

This contention is the basis for defendant's motion for a directed verdict in his favor; and defendant also requested the court to instruct the jury, in effect, that the evidence, showing that neither plaintiff nor her companions got out of the car to ascertain whether or not it was safe for them to enter the highway on account

of traffic approaching from the north and if they found a person of ordinary prudence would have either gotten out of the car and first ascertained whether there were any cars approaching from the north, or would have entered said highway at a point where they could have obtained a clear view of the highway to the north, but the plaintiff failed to do so; that plaintiff was guilty of contributory negligence and could not recover and their verdict must be for the defendant.

The defendant was not entitled to an instruction or ruling that the plaintiff was at fault, for the reason that she did not get out of the car and examine the highway, as the jury would not be warranted in finding that such a proceeding would be necessary on the part of an ordinary prudent person. By the time plaintiff could get out of her car, examine the highway and return again to her car, the condition might be the same, as far as appearances are concerned, as it was when she first got out of the car. Such a step was a practicable one to be taken by the driver of an automobile. There was no error of the court in refusing to direct a verdict in favor of defendant, or to give the requested instruction.

In *Wilson v. Kuhn,* 3 N. J. Misc. R. 1032 (130 Atl. 468, 469), it appeared that the plaintiff had driven out upon a private highway where his view was obstructed by reason of a hedge along the highway. The court said:

"It is, of course, undeniable that the plaintiff's view was considerably obstructed, although not entirely cut off, by the hedge as he was emerging upon the road. It is also undeniable that there was a comparative short space between the hedge and the road in which to stop the plaintiff's car at the sight of danger. But it is fairly clear that it could not be said, as a court question, that the plaintiff was under any obligation to stop his car before coming out on the road, get out of it, and go outside the hedge on foot and look up and down the road before proceeding."

The railway cases, *Robinson v. O. W. R. & N. Co.,* 90 Or. 490 (176 P. 594), and *Stovall v. P. E. P. Co.,* 127 Or. 518 (273 P. 701), cited in defendant's brief, are not in point.

In *Grand Trunk Ry. Co. v. Ives,* 144 U. S. 408, 417 (12 S. Ct. 679, 682, 36 L. Ed. 485), Mr. Justice Lamar said:

"There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considered reasonable and prudent, and what shall constitute ordinary care, under any and all circumstances. The terms 'ordinary care', 'reasonable prudence', and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court."

See subdivision (c) of section 1, subsec. 7, c. 217, Gen. L. of Oregon, 1927.

■ The learned trial judge charged the jury as follows:

"Under the law of this state, which has already been read to you, 'The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on such public highway, and shall come to a full stop before entering such public highway.' I therefore charge you that under the circumstances defendant's car had the right of way, as to all persons approaching such highway, and that it was plaintiff's duty to yield such right of way to him, and if you find from the evidence that plaintiff did not so yield the right of way to the defendant, but drove onto said highway carelessly and negligently, and without making a sufficient examination whether or not she was safe in doing so, then I instruct

you that plaintiff was guilty of negligence and (if you find such negligence contributed to her injuries) she can not recover and your verdict must be for the defendant.''

This instruction was requested by the defendant, except as to a slight modification. Error is assigned in the modification, the substance of which we have marked in parentheses. The word ''sufficient'' before ''examination'' was not contained in defendant's request. In *Casto v. Hansen et al.*, 123 Or. 20 (261 P. 428), Mr. Justice BELT said:

''It is not contemplated by the statute that any person should have an exclusive or absolute right of way: *Paulsen v. Klinge,* 92 N. J. Law, 99 (104 Atl. 95). See numerous authorities listed in exhaustive notes in 21 A. L. R. 974 and 47 A. L. R. 595. Those using the highways must have due regard for the rights of others. As stated by Mr. Justice Cardozo in *Ward v. Clark,* 232 N. Y. 195 (133 N. E. 443):

'' 'The privilege thus conferred is not inflexible and absolute. A right of way, like a burden of proof, will establish precedence when rights might otherwise be balanced. It helps us little when without it the balance would be unequal. A right of way might turn the scales if, when the plaintiff started to cross, the cars had been equidistant, or nearly so, from the point of collision, due regard being had also for the speed of their approach. Even with the distances what they were, it was an element which the triers of the facts were to consider in their estimate of conduct.' ''

We think the modification was proper and necessary and that the charge, as given to the jury, was fair. The defendant contends that he was at the time driving his car at the rate of about 25 miles per hour and when he got to the point where the steep bluff recedes to the west, plaintiff suddenly came out from behind the stone bluff in front of him and halfway across the

pavement "she either stopped her car or killed her engine"; that defendant, in order to avoid a collision, turned his car to the left, and when he was about even with the plaintiff's car, she suddenly started up again and to avoid a collision defendant turned his car to the right and applied his brakes, but could not avoid striking plaintiff's car. Plaintiff's evidence tended to show that she did not stop her car on the pavement.

■ The difference in the testimony of plaintiff and defendant, as to all the facts and circumstances, raises a question for the determination of the jury. Both the question of negligence and of contributory negligence were for the jury: *Cooper v. North Coast Power Co. et al.*, 117 Or. 652, 669, par. 9 (244 P. 665, 245 P. 317); *Santoro v. Brooks*, 121 Or. 424, 429, par. 3 (254 P. 1019).

The court instructed the jury, in part, as follows:

"I instruct you that if you find the defendant had a reasonable ground to believe that plaintiff had stopped her car on the westerly half of the pavement, and that there was clearly room to pass in front of plaintiff's car, the defendant would have a right to pass in front of her, even to the extent of going to the left side of the highway, and if the plaintiff then suddenly started her car and attempted to pass in front of defendant, and a collision was certain if both continued in the direction in which they were then going, it would be the duty of the defendant to use his best judgment as to his course of action to try to avoid a collision, and if you find he did use every precaution he reasonably could use under the circumstances, then he would not be guilty of negligence."

The charge fairly submitted the questions of fact to the jury.

After a careful examination of the record, we find no error therein. The judgment is therefore affirmed.

Coshow, C. J., and Belt, J., concur.