Argued October 30, affirmed December 24, 1963

# HOYLE *v.* VAN HORN

387 P. 2d 985

*Eldon F. Caley,* Roseburg, argued the cause for appellant. On the brief were Long, Neuner, Dole & Caley, Roseburg.

*Edward M. Murphy,* Roseburg, argued the cause for respondent. With him on the brief were Yates & Murphy and Spencer W. Yates, Roseburg.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

SLOAN, J.

Plaintiff, a pedestrian, was injured when he was struck by defendant's truck. In this resulting action plaintiff was awarded a verdict and judgment. Defendant appeals. The appeal challenges rulings of the trial court in response to an effort of plaintiff's counsel, during argument to the jury, to suggest a "per diem" amount of damages for plaintiff's alleged pain and suffering. However, the assignments brought here are such that it is not possible to decide the propriety of the argument.

> In his opening argument plaintiff's counsel stated:
> "* * * If we have a severe injury, the pain works twenty-four hours a day, not five days a week but seven days a week, and it works on us continuously and it wears us down. This is something you take into consideration. What is this pain, the uncertainty of the future, the mental concern, mental suffering—what is it worth per hour? What is it worth for a night? Well, we know he has put up with ten months of it, don't we? That would be 300 days. What he has gone through with, would $25 a day be unfair?"

Defense counsel objected immediately. The trial court sustained the objection and admonished the jury:

> "For the benefit of the jury, I have sustained the objection. I instruct you to disregard the reference to how many dollars a day it may be worth.

I have forgotten whatever amount of dollars he said, but whatever it was, you disregard that."

██ Defendant's first assignment of error is directed at the court's admonition. Defendant had urged the court "* * * to instruct the jury to totally disregard any of [counsel's] remarks in any way connected therewith." We are told that it was error to refuse to give this instruction. It was defendant's duty to advise the court of the specific statements he objected to, an omnibus statement is not enough. *Miller v. Lillard,* 1961, 228 Or 202, 364 P2d 766. A part, at least, of plaintiff's argument was proper, by any standard. The court was not obliged to segregate that which defendant considered good from that which defendant considered improper.

When plaintiff's counsel resumed his argument he told the jury that the court's ruling precluded him from "* * * making a suggestion to you as to what this pain is worth per day." The record before us contains no further mention of the subject in the presence of the jury. Defendant, as a part of his objections to the $25 a day argument by plaintiff, had unsuccessfully moved for a mistrial. He later renewed the motion. The refusal of the trial court to order a mistrial has been assigned as error.

In support of the assignments defendant urges that we follow the case of *Botta v. Brunner,* 1958, 26 NJ 82, 138 A2d 713, 60 ALR2d 1331. The *Botta* case is the one most frequently referred to by the courts who refuse to allow the per diem argument. *Ratner v. Arrington,* Fla 1959, 111 So2d 82, is the case usually relied on by the courts who allow the per diem form of computation for damages. See the cases collated in the annotation at 60 ALR2d beginning at page 1347.

A case note at 15 Vanderbilt Law Review 1303, October 1962, compiles the more recent cases and the arguments pro and con. Because of the importance and difficulty of the question as well as the variables that have appeared in some of the cases (see for example, *Pennsylvania Railroad Company v. McKinley*, 288 F2d 262 (6th Cir 1961)), we think it unwise to attempt to decide the issue upon the oblique manner in which the questions have been presented in this case. Plaintiff, seemingly, was satisfied with the court's ruling and did not cross-appeal.

■ The essential issue to resolve in this case is whether the court erred in refusing to grant a mistrial. We cannot say that the trial judge abused his discretion, when he denied the motions. *Guthrie v. Muller*, 1958, 213 Or 436, 325 P2d 883. Assuming, but not deciding, that the argument was improper it cannot be held that the court's admonition went unheeded. *Santoro v. Brooks*, 1927, 121 Or 424, 432, 254 P 1019.

■ Other assignments complain that the court should have withdrawn from the jury's consideration an allegation in the complaint regarding violation of the basic rule. Plaintiff was struck when he was crossing a street at an intersection and while he was within a crosswalk. Immediately before the accident the driver of the defendant's vehicle had stopped at the opposite side of the intersection, as required by a traffic signal. The driver had started from the stopped position and had crossed the intersection when the plaintiff was hit. Testimony of eye witnesses could have caused the jury to find that the speed of the vehicle was significant. It was for the jury, not the court, to decide the extent to which speed contributed to the accident. The assignments lack merit.

Affirmed.