Argued January 7, affirmed January 21, 1970

## NELSON, *Appellant, v.* WATTERS, *Respondent.*

463 P. 2d 863

*William H. Wiswall,* Springfield, argued the cause for appellant. With him on the brief were Sanders, Lively & Wiswall, Springfield.

*Paul D. Clayton,* Eugene, argued the cause for respondent. With him on the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

TONGUE, J.

This is an action for personal injuries sustained when plaintiff's car was "rear-ended" by defendant's car on River Road near Eugene, Oregon. Plaintiff appeals from a verdict and judgment for defendant.

The only assignment of error is that the trial court erred in refusing, at the close of the testimony, to strike from defendant's answer the allegation that plaintiff was contributorily negligent in that he "drove his vehicle at a speed that was less than was reasonable and proper having due regard for all of the conditions then and there existing."

Plaintiff contends that this allegation was "unsupported by the evidence", so as to make necessary "a review of the entire record". Plaintiff also contends that even if there was evidence that he was driving at a slow rate of speed, there was no evidence that such speed contributed as a proximate cause of the accident and that in order to reach such a conclusion it would have been necessary for the jury to not only accept some parts of defendant's testimony, but to reject other parts of his testimony.

Since, however, it was for the jury to resolve any and all conflicts in the evidence, it follows that in reviewing the record the sole and only function of this Court is to determine whether there was any substantial evidence which, if believed by the jury, would support a finding by it that plaintiff, at the time of the accident, was driving his vehicle "at a speed that was less than was reasonable and proper having due regard for all of the conditions then and there existing" and, if so, that such a slow rate of speed contributed as a proximate cause of the accident.

A review of the record in this case discloses that

the accident occurred on a two-lane highway with a posted designated speed of 30 miles per hour at the place of the accident. It was raining and the pavement was wet. Plaintiff had stopped briefly at the parking lot of a tavern on River Road to look for a friend. He then drove his car from that parking lot onto River Road and turned to his right, so as to proceed north on that road.

At the same time, defendant was proceeding north on River Road. While there was testimony that he was driving at a speed as high as 65 miles per hour as he approached the point of the accident, the jury was entitled to believe his testimony that he was then driving at a speed of between 30 and 35 miles per hour.

There was also a conflict of evidence as to the point of impact, including the question of how far plaintiff had proceeded after entering River Road and before reaching the point of impact. Finally, there was a conflict of evidence as to the speed of plaintiff's car at the time that it was "rear-ended" by defendant's car.

Testimony was offered on behalf of plaintiff that the collision occurred between 60 and 125 feet from the point where plaintiff entered River Road. There was also evidence of debris on the highway beginning between 80 and 90 feet north of the point of plaintiff's entry upon River Road. Thus, the jury was entitled to find that plaintiff had proceeded at least 80 or 90 feet north on River Road before the accident occurred, despite some testimony by defendant that the point of impact may have been closer to the point of plaintiff's entry upon River Road.

Testimony was also offered on behalf of plaintiff that he came to a stop before entering River

Road and then "accelerated to a speed of between 15 and 25 miles an hour" before his car was hit by defendant's car. On the other hand, the jury was entitled to believe the testimony of defendant that plaintiff did not stop before entering River Road, but drove onto that highway at a speed of 10 miles per hour, as well as his testimony, when asked to describe plaintiff's "entrance onto River Road", that:

> "* * * when he pulled out onto the road he didn't really accelerate, as though he didn't see me coming at all, and he just pulled out and sort of drove away at a 10 mile an hour speed."

Defendant also testified that plaintiff "hadn't quite straightened out with the road yet" when he hit plaintiff's car and that he then applied his brakes and tried unsuccessfully to go around plaintiff's car.

Based upon the foregoing testimony, it cannot properly be held that there was no substantial evidence to support defendant's allegations that plaintiff was contributorily negligent in that he "drove his vehicle at a speed that was less than was reasonable and proper having due regard for all of the conditions then and there existing" and that such negligence contributed as a proximate cause of the accident. Indeed, it is not unusual to expect that a jury may find that an accident happened in part in accordance with plaintiff's evidence and in part in accordance with defendant's evidence.

ORS 483.114 provides that:

> "It shall be unlawful for a person to drive a motor vehicle, * * * upon an arterial highway at such a slow speed as to impede or block the normal and reasonable movement of traffic * * *", (subject to exceptions which are not claimed to be applicable in this case).

In *Von Bergen v. Kuykendall,* 240 Or 191, 400 P2d 553, this Court held that ORS 483.114 has proper application not only to vehicles traveling along an arterial highway, but also to vehicles crossing such a highway, and that in such a case the jury may properly find that slow speed was the proximate cause of an accident. See also *Hoyle v. Van Horn,* 236 Or 205, 208, 387 P2d 985.

In *Von Bergen, supra,* it was stated by this Court (at p 195) that:

"Someone who dawdles across an arterial highway is just as great a menace and impediment as if he were traveling in this manner along it."

To the same effect, one who upon entering an arterial highway then proceeds to "dawdle along it" may be an equal "menace and impediment" to approaching vehicles and the jury could have properly reached such a conclusion from the conflicting evidence in this case.

It follows that the trial court did not err in refusing to withdraw defendant's allegation of contributory negligence and that there was sufficient evidence in this case to support the verdict of the jury.

The judgment of the trial court is affirmed.