Albert J. Rupp, Defendant in Error, v. Gilbert E. Keebler, Jr., Plaintiff in Error.

## Gen. No. 17,821.

1. AUTOMOBILES—*law of the road.* The law of the road does not require that wagons should be stopped merely because they are slower vehicles to let automobiles pass with undiminished speed.

2. HIGHWAYS—*law of the road at crossings.* The first vehicle to reach a crossing in the exercise of ordinary care should have the right of way, and others should approach with sufficient care to avoid danger of collision.

3. AUTOMOBILES—*when driver negligent in entering upon a crossing.* The driver of a wagon struck by an automobile was not guilty of contributory negligence where he continued over a crossing he had fairly entered upon before the automobile driver in plain view of him reached it, but the collision under such circumstances was properly attributed to the negligence of the automobile driver.

4. DAMAGES—*when testimony speculative.* Testimony of a physician that pain from injuries may last for years is speculative and inadmissible.

5. DAMAGES—*when not excessive.* A verdict for two hundred dollars is not excessive where plaintiff was unable to work for eight days and suffered pain in his bruised back, hip and ankles for a considerable time.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 17, 1912.

CHARLES B. STAFFORD, for plaintiff in error.

CHANNING L. SENTZ, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

At the intersection of two streets plaintiff in error, Keebler, while going west ran his automobile into a loaded express wagon which defendant in error, Rupp, was driving south, causing the latter to be thrown to the ground and bruised. The points argued are that the verdict was against the weight of the evidence and that the sum of $200 assessed as damages was excessive.

From the facts disclosed by the evidence, we think plaintiff in error failed to recognize that wagons and other vehicles have an equal right of way over public crossings with automobiles. He was driving at the rate of fifteen miles an hour with an unobstructed view of the approaching wagon, and but for continuing his speed up to the point of collision could have stopped his automobile as easily and quickly as the driver could his horse drawing a loaded wagon. Before reaching the crossing he could plainly see that the horse had already entered upon it and was continuing over it in a trot, keeping to the west and proper side of the street, and thus on the opposite side from him. Under such circumstances he should have kept his automobile under control. He was as much bound to look out for those crossing the street he was on as they were bound to look out for him, and the law of the road does not require that wagons simply because they are slower vehicles shall be stopped to let automobiles pass with undiminished speed. The first to reach the crossing in the exercise of ordinary care should have the right of way, and the others should approach with sufficient care to permit the exercise of such right without danger of collision. The driver of the wagon in thus continuing over the crossing he had fairly entered upon

before plaintiff in error, approaching in plain view of him, had reached it was not guilty of contributory negligence, and the collision ensuing under such circumstances was properly attributed to the negligent driving of the automobile.

As to the basis for damages, it appears that Rupp was unable to work for eight days, and suffered pains in his bruised back, hip and ankles for a considerable time. His physician was permitted to testify, "that the pain may last for years." That was speculative evidence and inadmissible. But unless we can say that $200 is too large an amount to compensate defendant in error for his loss of time and the pain actually suffered, we should not for such error reverse the judgment. We cannot say so. The judgment will be affirmed.

*Affirmed.*