WALTER A. WARD, Appellant, *v.* FREDERICK W. CLARK, Respondent.

Motor vehicles — negligence — collision of two automobiles at intersection of two streets — relative negligence of drivers of automobiles — when plaintiff not guilty of contributory negligence — statutory rule as to right of way of vehicles at intersection of streets — (General Highway Traffic Law [Cons. Laws, ch. 70], § 12, subd. 4) — construction and application of such rule.

1. The automobile of plaintiff and the automobile of defendant were in collision at the intersection of two streets. Plaintiff was driving east on one street and defendant north on the intersecting

street. About seventy-five feet away from the point of collision, plaintiff saw defendant's car, distant from the same point about one hundred and fifty feet. The rate of progress of the two cars seemed then to be the same. Forty feet from the point of collision, plaintiff looked again with defendant eighty feet away. The street plaintiff had to cross was only thirty feet wide and he pressed forward with increased speed. He had almost made the crossing when the rear wheel of his car was struck by the bumper of defendant's car. Defendant admitted that he had not looked in the direction of plaintiff's approach and had not seen his car until the moment of collision; he also admitted that the fault was his and promised to make good plaintiff's loss. A verdict in plaintiff's favor has been reversed by the Appellate Division on the ground that plaintiff was guilty of contributory negligence. *Held,* that the case was for the jury. Plaintiff had the right to act on the assumption that common skill and prudence would shape the course of defendant also, and he was not required to foresee defendant's blind and uncompromising adherence to an undeviating line.

2. It is contended that defendant had the right of way under the statute (General Highway Traffic Law [Cons. Laws, ch. 70], § 12, subd. 4) which provides that " every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right." *Held,* that the privilege there conferred is not inflexible and absolute. A right of way, like a burden of proof, will establish precedence when rights might otherwise be balanced. It is an element which the jury are to consider and that in the circumstances of this case is the extent of the application of the statute.

*Ward* v. *Clark,* 189 App. Div. 344, reversed.

(Argued October 19, 1921; decided November 22, 1921.)

APPEAL from a judgment, entered January 6, 1920, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*William MacFarlane* for appellant. The Appellate Division erred in reversing the judgment entered on the verdict. This was a case for the jury. (*Newson* v. *N. Y. C. R. R. Co.,* 29 N. Y. 383; *Eastland* v. *Clarke,*

165 N. Y. 426; *Baker* v. *Close*, 204 N. Y. 92; *Buhrens* v. *R. R. Co.*, 53 Hun, 571; 125 N. Y. 702; *Van Ingen* v. *Jewish Hospital*, 182 App. Div. 10; 227 N. Y. 665; *Conway* v. *Naylor*, 222 N. Y. 437; *Edelstein* v. *C. I. & B. R. R. Co.*, 226 N. Y. 168; *Knapp* v. *Barrett*, 216 N. Y. 226.) The General Highway Traffic Law has not changed the rule of reasonable care. (*Mark* v. *Fritsch*, 195 N. Y. 282; *Adolph* v. *C. P., N. & E. R. R. Co.*, 76 N. Y. 530; *Kalb* v. *Redwood*, 147 App. Div. 77; 207 N. Y. 739; *Cox* v. *Paul*, 175 N. Y. 328; *Huntington* v. *Attrill*, 146 U. S. 667; *People* v. *Weinstock*, 193 N. Y. 481; *People* v. *Briggs*, 193 N. Y. 457; *Blanchard* v. *New Jersey Steamboat Co.*, 59 N. Y. 292; *Fluker* v. *Ziegele Brewing Co.*, 201 N. Y. 40; *Kelly* v. *New York State Rys.*, 207 N. Y. 342.)

*Carleton F. Bown* for respondent. Plaintiff was guilty of contributory negligence. (*Brillinger* v. *Ozias*, 186 App. Div. 221; *Woodward* v. *N. Y. R. R. Co.*, 164 N. Y. 658; 221 N. Y. 539; *Maguire* v. *N. Y. R. R. Co.*, 186 App. Div. 66.)

CARDOZO, J. Plaintiff's automobile and defendant's were in collision at the intersection of Selye Terrace and Pierrepont street in the city of Rochester. Plaintiff was driving east on Selye Terrace, and defendant north on Pierrepont street. About seventy-five feet away from the point of collision, plaintiff saw the defendant's car, distant from the same point about one hundred and fifty feet. He cut off his power for an instant, reduced his rate of speed, and measured with his eye the speed of the approach. The rate of progress of the two cars, the plaintiff's a small Ford car, and the defendant's a larger Hudson, seemed then to be the same. Forty feet from the point of collision, the plaintiff looked again, with the defendant eighty feet away. The street he had to cross was only thirty feet wide. He pressed forward, with quickened speed, judging that he had

ample time, and looking at the same moment in the other direction, to the left, for the assurance of safety there. He had almost made the crossing when his rear wheel was struck by the bumper of the defendant's car, which, according to some witnesses, had increased its rate of speed. The defendant admitted that he had not looked in the direction of the plaintiff's approach, and had not seen the crossing car until the instant of collision. He also admitted that the fault was his, and promised to make good the loss. A verdict in plaintiff's favor was reversed by the Appellate Division, and the complaint dismissed, on the ground of contributory negligence.

We think the case was for the jury. With the plaintiff's car forty feet away, and the defendant's eighty, there appeared to be sufficient clearance. So, at least, a reasonable man might not unreasonably believe. Sudden acceleration of the defendant's speed was not to be foreseen. Even with added speed, the defendant, if he had looked, could have avoided collision by a trifling bend to the left upon an unobstructed street. The plaintiff in shaping his own course might act on the assumption that common skill and prudence would shape the defendant's also. He was not required to foresee the defendant's blind and uncompromising adherence to an undeviating line. The supreme rule of the road is the rule of mutual forbearance (*Mark* v. *Fritsch*, 195 N. Y. 282, 283, 284).

The defendant, it is said, had the right of way under the statute. " Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right " (General Highway Traffic Law, sec. 12, subd. 4; Cons. Laws, ch. 70). The privilege thus conferred is not inflexible and absolute. A right of way, like a burden of proof, will establish precedence when rights might otherwise be balanced. It helps us little when without it the balance would be unequal. A right

of way might turn the scales if, when the plaintiff started to cross, the cars had been equidistant, or nearly so, from the point of the collision, due regard being had also for the speed of their approach. Even with the distances what they were, it was an element which the triers of the facts were to consider in their estimate of conduct. That, in the circumstances of this case, is, we think, the extent of its significance. The plaintiff was not to wait until there was no other car in sight. Such a rule would be unworkable in crowded cities. He was to wait until it was reasonably safe to start. Whether he started when there was danger, was a question for the jury.

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., absent.

Judgment accordingly.