### Morris Salmon, Defendant in Error, v. Guy K. Wilson, Plaintiff in Error.

#### Gen. No. 27,549.

1.  HIGHWAYS AND STREETS—*unlawful speed prima facie evidence of negligence.* Negligence of defendant at the time of a collision between his automobile and that of plaintiff at a street intersection is shown by evidence that defendant was driving 25 miles per hour, in violation of Motor Vehicle Act, sec. 22, Cahill's Ill. St. ch. 95a, ¶ 23, as he approached the intersection but distant therefrom 100 to 125 feet, that plaintiff was then entering the intersection of the streets at a rate of 15 miles per hour and that plaintiff had signalled his approach.

2.  HIGHWAYS AND STREETS—*what constitutes due care in crossing street intersection.* Plaintiff is shown to have been exercising due care in operating his automobile across a street intersection where the evidence shows that he was driving at a lawful rate of speed and had signalled his approach to the intersection which he had reached while defendant, who was driving at an unlawful rate of speed, was still distant therefrom 100 to 125 feet.

3.  HIGHWAYS AND STREETS—*right of way at street intersections.* The statutory provision giving right of way at street intersections to vehicles approaching from the right does not give an automobile approaching an intersection from the right but distant therefrom 100 to 125 feet and operating at an unlawful rate of

speed, the right of way over a vehicle approaching from left at a lawful rate of speed, where the latter vehicle has entered the intersection and would have passed the line of crossing before the vehicle on the right could reach the intersection if operated at a lawful speed.

Error by defendant to the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed January 2, 1923.

HOOVER & CODY, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is a suit for damages to plaintiff's automobile resulting from a collision at a street intersection in Chicago in which plaintiff recovered a judgment for $284.66.

The proof for plaintiff showed that when he reached the intersection from the southeast defendant's car was from 100 to 125 feet away coming from the north on the intersecting street; that plaintiff sounded his horn; that he was driving at the rate of 15 miles and defendant at 25 miles an hour; and that the collision took place about the center of the intersection or nearer the northwest corner thereof, defendant's car striking the right-hand side of plaintiff's. These facts are not controverted, defendant offering no evidence.

Plaintiff in error contends that there was no proof of his negligence or of the exercise of due care by plaintiff. The recited facts refute both contentions. He was driving at a rate of speed exceeding 20 miles an hour, which was prima facie a violation of the Motor Vehicle Act, sec. 22 [Cahill's Ill. St. ch. 95a, ¶ 23], and must have known the danger of a collision if, in view of the respective positions of the parties, he continued to cross the intersection at that rate of speed. As to the exercise of care by plaintiff, he was

driving within the limits of speed recognized by the statute and gave signal of his approach.

Plaintiff in error also urges that the court erred in refusing to instruct the jury that under such a state of circumstances he had the right of way under the statute. While the statute gives the right of way to vehicles approaching along intersecting highways from the right over those approaching from the left, it manifestly does not intend to confer that right regardless of the distance the approaching cars may be from the point of intersection. It does not contemplate that the right may be invoked when the car from the right is so far from the intersection at the time the car from the left enters upon it, that, with both running within the recognized limits of speed, the latter will reach the line of crossing before the former will reach the intersection. Under the state of facts in this case plaintiff might reasonably have presumed that defendant would not exceed the speed limits fixed by statute, and that he would be able to cross the intersection before defendant's car reached it. Under the claim of right of way defendant certainly had no right to keep up a speed that was prima facie a violation of the law and run down one who was observing the law. The statute contemplates the assertion of such right of way where cars approach the intersection at about the same time. In such a case, maintaining as each should a position on the right-hand side of the street on which he is running, the car from the right would generally be nearer the point of crossing and entitled to assert its right of way under the rule of the road as well as the statute. (*Rupp v. Keebler*, 175 Ill. App. 619.) But under the state of facts here defendant was not entitled to assert such right and the court did not, therefore, err in refusing to give the instruction tendered.

The judgment will be affirmed.

*Affirmed.*

Morrill and Gridley, JJ., concur.