**Darling & Company, Appellee, v. Yellow Cab Company, Appellant.**

### Gen. No. 29,875.

1. HIGHWAYS—*law of the road at intersections.* Motor Vehicle Law, sec. 33, Cahill's St. ch. 95a, ¶ 34, giving vehicle approaching from the right at an intersection the right of way, does not confer such right regardless of the distance the approaching cars may be from the intersection.

2. HIGHWAYS—*right of way at intersection for jury.* In action for damage to truck in collision at street intersection, whether defendant coming from the right had the right of way held question of fact for trial judge.

3. HIGHWAYS—*negligence and contributory negligence in colli-*

Darling & Co. v. Yellow Cab Co., 238 Ill. App. 326.

*sion at street intersection for jury.* In an action for damage to truck in collision with taxicab at street intersection, whether driver of truck was in exercise of due care and whether driver of cab was guilty of negligence held questions of fact for the trial judge.

4. Highways—*sufficiency of evidence to support finding as to negligence at intersection.* In action for damage to truck in collision with taxicab at street intersection, finding of due care on part of truck driver and negligence on part of cab driver held not against the manifest weight of the evidence.

5. Damages—*cost of repairing motor truck presumed reasonable.* Price paid for necessary parts used to repair damage to motor truck in collision will be presumed to be reasonable, in the absence of anything to cast suspicion on the transaction.

Appeal by defendant from the Municipal Court of Chicago; the Hon. Charles C. Nauert, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Affirmed. Opinion filed October 28, 1925.

McGreaham & Blake, for appellant; Harris J. Blake, Jr., of counsel.

Wolfsohn & Fireman, for appellee; Harry J. Fireman, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover damages sustained by it by reason of its truck being struck and damaged by one of the defendant's cabs. The collision occurred at a right-angle intersection of streets. The case was tried before the court without a jury and there was a finding and judgment in plaintiff's favor for $182.

The evidence tends to show that on January 24, 1924, a two-ton truck belonging to plaintiff was being driven by one of its servants north in Paulina street; that one of defendant's yellow cabs was being driven west in Monroe street; that the streets were very slippery; that the truck was moving about 12 to 14 miles per hour and the cab about 20 to 25

miles; that the truck which was being driven north in Paulina street in the east right of way of that street was turned to the northwest and the yellow cab which was coming west in the north roadway of Monroe street was turned in the same direction in an endeavor to avoid a collision; that the left front part of the cab struck the right front part of the truck and went around the truck over the northwest corner of the curb, some distance west in Monroe street before stopping; that the truck skidded around and stopped at the northwest corner of the intersection. The driver of the truck testified that when he arrived at the street intersection he looked to his left and then to his right and saw the yellow cab about a half block down Monroe street, coming west; that he was then halfway across the intersection; that the streets were icy and slippery; that when he first saw the cab it was about 150 to 190 feet east of Paulina street. Another witness testified for the plaintiff that he was walking north on Paulina street, south of the intersection; that the truck was going north at from 10 to 12 miles per hour and the cab west at a speed of 20 to 25 miles per hour; that the pavement was wet and frosty; that the truck tried to steer out of the way, going to the west; that the yellow cab went around the truck over the curb at the northwest corner of the intersection. This was all the evidence as to the occurrence. The driver of the yellow cab was not called to testify, nor was his absence explained. The truck was damaged by the collision and was repaired.

The defendant contends that the driver of the truck was guilty of negligence in not yielding the right of way to the defendant and that the driver of the cab was guilty of no negligence and it is argued in support of the charge of the negligence of the driver of the truck that under section 33 of the Motor Vehicle Law [Cahill's St. ch. 95a, ¶ 34] he was required to yield the right of way. That section so far as ma-

terial provides that : "All vehicles traveling upon public highways shall give the right of way to other vehicles approaching along intersecting highways from the right and shall have the right of way over those approaching from the left." A number of opinions passing on this section of the statute have been handed down by the several divisions of this court, among them being: *Lenartz v. Funk,* 224 Ill. App. 180; *Partridge v. Eberstein,* 225 Ill. App. 209; *Lasley v. Crawford,* 228 Ill. App. 590; *Zapf v. Kutten,* 229 Ill. App. 406; *Salmon v. Wilson,* 227 Ill. App. 286; *Sklar v. Hydrox Co.,* 237 Ill. App. 643; *Larson v. Doerr,* 237 Ill. App. 645. We agree with what was said in the *Salmon* case, as to the construction of section 33 to the effect that the vehicle approaching from the right has the right of way where other vehicles approach the intersection about the same time. That section does not intend to confer such right "regardless of the distance the approaching cars may be from the point of intersection" as stated in the *Salmon* case. We are, therefore, of the opinion that the question in the instant case whether the defendant had the right of way was for the determination of the trial judge. From the evidence we are also of the opinion that the question whether the driver of the truck was in the exercise of due care and the further question whether the driver of the cab was guilty of negligence were also matters for the trial judge, and we cannot say upon a consideration of all the evidence that his finding in favor of the plaintiff on these questions is against the manifest weight of the evidence.

Complaint is also made that the judgment is excessive because it appears from the evidence in the record that part of the amount is based on what plaintiff was required to pay for certain necessary parts used to repair the damage done and that the evidence does not show that the amount was a fair and reasonable charge. This was an ordinary business transaction and since there is nothing to cast suspicion

on it the amount paid will be presumed to be reasonable. *Cloyes v. Plaatje,* 231 Ill. App. 183. We have examined the record as to the other items complained of by the defendant and are clear that they are without merit.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON, P. J., and TAYLOR, J., concur.