Clair Coleman, Appellee, v. Edwin Hait, Appellant.

Gen. No. 9,260.

Opinion filed February 15, 1938.

CASTLE & ANDERSON, of Sycamore, for appellant.

ALEXANDER J. STROM and OWEN M. JOHNSON, both of Belvidere, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is a personal injury suit brought by appellee against appellant for injuries to person and property, growing out of a collision between a truck driven by appellee and a passenger car driven by appellant. The case was tried before the court without a jury, and resulted in a finding in favor of appellee, assessing $1,000 damages for his personal injuries and $500 for his property damages. Judgment was entered against appellant for $1,500. He brings this appeal therefrom and assigns two errors: First, that the evidence shows contributory negligence on the part of plaintiff, and second, that the court erred in admitting in evidence plaintiff's exhibits 1 and 2.

The accident happened on July 1, 1935, at about five o'clock in the afternoon, at the intersection of two gravel roads. Appellee was driving east and approaching the above intersection. Appellant was driving north and approaching said intersection. Appellee was engaged in transporting peas to the Sycamore Preserve Works. He was driving a truck weighing 6,200 pounds, which was loaded with approximately 6,000 pounds of peas. Harry B. Wessell was riding with appellee. He was sitting to the right of appellee, which was on the side from which appellant was approaching. The truck, and the Chevrolet automobile driven by appellant, collided in the intersection of these two roads. The impact rolled the truck over and turned it end for end. The appellee sustained head injuries, a concussion of the brain, fracture of the fourth vertebra, and fractured ribs, together with vari-

ous other cuts and bruises such as usually are incident to accidents of this character. In addition to the personal injuries received were those to the truck.

There were no witnesses to the accident except appellant, appellee, and the man who was riding with him. According to the testimony on behalf of appellee, appellant's car was approximately 350 feet south of the intersection at the time appellee's truck approached same; that the truck was being operated at 20 miles an hour; that there was no obstruction to the view of either appellant or appellee; that the truck entered the intersection and was proceeding across same; that appellant's car was traveling between 60 and 65 miles per hour and continued at such rate of speed until it reached the intersection where it collided with appellee's truck, after the truck had passed the center line of the road upon which appellant was traveling. It further appears from the evidence offered on behalf of appellee that at the time of the collision the front portion of his truck had reached the east fence line and the rear end of his truck was four or five feet east of the center line of the road upon which appellant was traveling. Appellant confined his testimony solely to the question of speed, stating that at no time did he operate his automobile faster than 35 miles an hour. There was no evidence concerning the accident except that of appellee and Mr. Wessell.

Appellant relies upon the statutory provision regarding cars approaching from the right, to establish appellee's contributory negligence (ch. 95a, Cahill's Ill. St. 1933, ¶ 34). The rule that one approaching the intersection of highways may assume that persons approaching such intersection from his left will observe the law and respect his right of way, is subject to a reasonable application. One may not invoke this rule in defense of his own wrongful conduct. Therefore, the rule has been generally recognized as being subject to

application according to the facts and circumstances appearing in the particular case. *Salmon v. Wilson,* 227 Ill. App. 286; *Darling & Co. v. Yellow Cab Co.,* 238 Ill. App. 326; *Riddle v. Mansager,* 254 Ill. App. 68. Thus, the situation resolves itself into one of fact. *Darling & Co. v. Yellow Cab Co., supra; Heidler Hardwood Lumber Co. v. Wilson & Bennett Co.,* 243 Ill. App. 89; *Schwartz v. Lindquist,* 251 Ill. App. 320.

Appellant's first assignment of error which raises the question of contributory negligence on the part of appellee by not yielding the right of way, presents a question of fact. Whether appellee was in the exercise of due care, and whether appellant was guilty of negligence, are questions growing out of the situation of the parties immediately prior to and at the time of the accident. These were matters for the consideration and determination of the trial judge. They included the question whether appellant's car was far enough away from the intersection when appellee entered same, so that if appellant had operated it with due care no collision would have occurred. From an examination of the record we cannot say that his finding in favor of appellee on these questions is against the manifest weight of the evidence.

The second point urged by appellant for reversal is the admission in evidence of plaintiff's exhibits 1 and 2. These were X-ray pictures taken of his spine going to show a fracture of the fourth cervical vertebra. Appellant complains of the admission thereof on the ground that no sufficient foundation was laid therefor. These exhibits tended to show only the nature and extent of a part of appellee's injuries, and were corroborative of the doctor's testimony, to which no objection was made. They had to do with the question of damages. Appellant makes no complaint that the damages awarded are excessive. Neither do we find any objection to the introduction of the exhibits, ap-

pearing in the abstract. One who seeks a reversal should by the abstract fully present the errors relied upon. *Village of Barrington v. Lageschulte,* 323 Ill. 343; *O'Meara v. Chicago, M., St. P. & P. R. Co.,* 367 Ill. 82. Under such circumstances the alleged error is not open for review. *Welch v. City of Chicago,* 323 Ill. 498, 501, 502. Furthermore, where a cause is tried before the court, without jury, the court is presumed not to have considered any incompetent evidence that might have been received. *Maton Bros., Inc. v. Central Ill. Pub. Serv. Co.,* 356 Ill. 584; *Knight v. Collings,* 227 Ill. 348. There is sufficient competent evidence in the record here to sustain the judgment rendered.

The trial court heard the witnesses and had the opportunity to observe them while testifying. It is not within the province of a court of review to substitute its findings of fact for that of the trial court, unless such findings appear to be manifestly against the weight of the evidence. *Hall v. Pittenger,* 365 Ill. 135; *Alton Banking & Trust Co. v. Alton Bldg. & Loan Ass'n* 289 Ill. App. 177, 186.

The judgment of the trial court is affirmed.

*Judgment affirmed.*