Joseph Krawitz and Milton Krawitz, Appellants, v. Jules Leonard Levinstein, Trading as Albert Lumber and Supply Company, and Cleveland Cook, Appellees.

Gen. No. 42,654.

Opinion filed December 13, 1943.

SHER & KARLIN, of Chicago, for appellants; LEO S. KARLIN, of Chicago, of counsel.

JAMES A. DOOLEY, of Chicago, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, Joseph Krawitz and his brother, Milton, brought an action against defendants to recover for personal injuries sustained by Joseph and property damage sustained by Milton, who owned a Dodge automobile, against defendants Levinstein the owner of a truck and Cook, his agent, who was driving the truck. Levinstein filed a counter claim seeking to recover property damaged on account of his truck being damaged as a result of a collision between the two vehicles. There was a jury trial, a verdict of not guilty as to plaintiffs' action and as to defendants' counter claim, and plaintiffs appeal.

The record discloses that about noon on October 8, 1940, plaintiff, Joseph Krawitz, was driving his brother's Dodge automobile west in 58th street and defendant Cook, who was employed by defendant Levinstein, was driving a one and a half ton truck loaded with lumber doors and windows, south in Albany avenue. There was a collision between the vehicles, the evidence tending to show that the left front

part of the truck struck the Dodge automobile on the north or right side, the two vehicles turned over and landed somewhere near the southwest corner of the street intersection. Both vehicles were damaged and plaintiff, Joseph Krawitz, received personal injuries.

The roadway of each street was well paved and about 30 to 35 feet wide. There were two vacant lots at the northeast corner of the intersection and the north side of 58th street was vacant for a distance of about a half block east of Albany avenue. Residences are on the other three corners. The weather was dry and clear, it was a nice day.

As is usual in such cases, there was evidence tending to show the speed of the respective vehicles and their distances from the intersection. Joseph's testimony is to the effect that he was driving the automobile west in 58th street at a speed of from 15 to 18 miles an hour on the north half of the street; that as he reached a point about 15 feet east of the east building line he slowed down to 8 or 10 miles an hour; that he looked to the left or south and saw nothing, then to the north and saw defendant's truck coming south in Albany avenue about 150 to 200 feet north of the intersection. He was unable to determine the speed of the truck. He shifted the speed of the automobile and continued west and when the front end of the automobile was about at the west curb, it was struck on the right side by the front of the truck. That the collision occurred in the northwest quarter of the intersection.

Defendant Cook, who was driving the truck, testified that he was driving south in Albany and as he approached 58th street, he was traveling from 15 to 18 miles an hour; that he slowed down and decreased his speed about 3 miles; that before he got to the intersection he looked to his left and saw plaintiff's car and when the truck was about 15 feet into the intersection he heard a noise again looked to his left and

the automobile was coming at a high rate of speed, about 40 miles an hour; that he immediately jammed on his brakes and swung to the right to try to avoid the collision. That plaintiff turned toward the south and ran in front of the truck when the collision occurred. Both vehicles were overturned. These were the only occurrence witnesses but shortly after the collision, police officers arrived and pictures were taken by them showing the street and the positions at which the two vehicles came to rest.

There is considerable other evidence in the record as to skid marks but we think it is unnecessary to refer further to the evidence for we are of opinion that the verdict of the jury, finding against plaintiff, is not against the manifest weight of the evidence, as plaintiffs contend. We think the question was for the jury.

Plaintiffs further contend that the court erred in giving instructions submitted by defendants numbered 17, 21, 23, 20, 22 and 14.

By instruction 17, the jury were told that a statute of this state provided that ''Motor vehicles traveling upon public highways shall give the right of way to vehicles approaching along intersecting highways from the right and shall have the right of way over those approaching from the left,'' and that if the jury find from the greater weight of the evidence and under the instructions of the court certain other specified things, that it was the duty of ''Joseph Krawitz to yield the right of way to said truck operated by said Cleveland Cook.'' This instruction was wrong for the reason that it failed to tell the jury that they must also take into consideration the distance the vehicles were from the point of collision and the speed of their approach. *Heidler Co. v. Wilson & Bennett Co.*, 243 Ill. App. 89. In that case, in an opinion written by Mr. Justice Thomson, we reviewed the authorities on this right-of-way statute and pointed out that the true construction of such a statute was laid down in *Ward*

*v. Clark,* 232 N. Y. 195, in an opinion by Judge CAR-
DOZO. Other cases holding to the same effect are *Rupp
v. Keebler,* 175 Ill. App. 619; *Salmon v. Wilson,* 227
Ill. App. 286; *Darling & Co. v. Yellow Cab Co.,* 238 Ill.
App. 326; *Schwartz v. Lindquist,* 251 Ill. App. 320;
*Coleman v. Hait,* 293 Ill. App. 615; *Edwards v. Hill-
Thomas Lime & Cement Co.,* 309 Ill. App. 168. But
counsel for defendants says that any omission from
this instruction, if any, was cured by instruction num-
ber 4, given at plaintiffs' request, which also advised
the jury as to which party had the right-of-way. We
are unable to agree with this contention. Whether
plaintiffs or defendants had the right-of-way, in de-
ciding the question of liability, might in the jury's
mind have been of controlling importance, and the
jury should therefore have been correctly instructed.

Instructions 21 and 23 are complained of. Instruc-
tion 21 told the jury that if both plaintiffs and defend-
ants were guilty of negligence proximately
contributing to the collision, then the jury had no right
to compare the negligence of plaintiffs with that of
defendants and if they believed from all the evidence
and under the instructions of the court that plaintiff
failed to exercise ordinary care for his own safety and
such failure contributed to his injury then, even if the
jury also believed the defendants were negligent,
plaintiffs could not recover.

And by instruction 23, the jury were told it was not
sufficient to entitle plaintiffs to recover to show de-
fendants were guilty of negligence, but plaintiffs must
go farther and show that such breach was the proxi-
mate cause of the collision. And counsel for plaintiffs
say these two instructions "attempt to establish a
double standard of negligence, that is, a standard of
negligence on the part of the defendants, limited by
the requirements of proximate cause, and a standard
of negligence on the part of the plaintiffs, not limited
by any requirements of proximate cause." While the

point is rather technical we think the jury should be told that the same standard of conduct is required by each party.

Instruction 20 told the jury that if they believed from the evidence that plaintiff by the exercise of reasonable care could have seen defendant's truck and by the exercise of reasonable care could have his automobile under control so as to avoid the collision and the driver of the automobile failed to use such care, then they should find defendants not guilty. This instruction omitted the question whether plaintiffs or defendants had the right-of-way under the statute and therefore should not have been given.

Instruction 22 told the jury that if they believed from the evidence and under the instructions of the court that if plaintiff was injured as the result of an accident without negligence on the part of defendants, then they should find defendants not guilty. This instruction was obviously wrong. The collision did not occur on account of an accident but was due to the negligence of one or both of the parties.

By instruction 14 the jury were told that "the fact that an accident occurred and that one of the plaintiffs was injured, of itself raises no presumption, of negligence or liability on the part of the defendants for such injury, if any. Negligence like any other material fact must be alleged and proved by the plaintiff by a preponderance of the evidence." Under the facts in the instant case we think this instruction ought not to have been given. *Minnis v. Friend,* 360 Ill. 328.

The judgment of the superior court appealed from is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

MATCHETT, J., concurs.

NIEMEYER, J., specially concurring: I concur in the reversal and remandment of the cause, but do not agree with what is said as to instruction 17. This instruction, after quoting the statute as to right-of-way

and requiring the jury to find from a greater weight of the evidence that the plaintiff Joseph Krawitz was approaching the intersection from the left, and the motor truck operated by the defendants was approaching from the right and that the motor truck was in full view of the plaintiff Krawitz, concluded as follows: ". . . if you also find from the greater weight of the evidence in this case that under the instruction (s.) of the court it was apparent to the said Joseph Krawitz that unless he yielded the right of way, the automobile operated by him might or would collide with said motor truck, then you are instructed that the said motor truck so operated by said Cleveland Cook was approaching the intersection from the right within the meaning of the statute and that it was the duty of said Joseph Krawitz to yield the right of way to said truck operated by said Cleveland Cook." The rule embodied in this instruction is that announced in *Partridge v. Eberstein,* 225 Ill. App. 209, where the court said (213): "While we hold that plaintiff's automobile, according to the evidence before us, came within this description, (the statutory description of vehicles 'approaching along intersecting highways from the right') it would be very difficult, if not impossible, to lay down a rule in precise terms of measurement applicable in all cases. However, we suggest this: That a vehicle is approaching an intersection from the right, within the meaning of the statute, and entitled to the right-of-way when, on its left, on an intersecting street, another vehicle is approaching whose driver, in the exercise of due care, would or should see that unless he yielded the right-of-way the vehicles might or would collide."

The *Heidler* case, (243 Ill. App. 89) relied upon in the majority opinion, adopts substantially the same rule, although stating it negatively in describing a car not within the statute. In that case (pages 94, 95) the court states in substance what is said in the *Partridge*

case as to when a car may be said to be approaching an intersection from the right within the meaning of the statute, and adds: ''When the driver of a vehicle approaches an intersection and he sees another vehicle approaching from the right, at a greater distance from the intersection and at a speed such that, in the exercise of due care, he believes he will be across the intersection before the vehicle approaching from the right reaches it, then, in our opinion, the latter car is not one 'approaching from the right' within the meaning of the statute, and so as to require such driver to stop or yield the right of way.'' The elements of distance from the intersection or point of collision, and the speed of the cars, are not specifically mentioned in the instruction, but are necessarily implied. It is difficult to see how the jury could determine whether the driver on the left, in the exercise of due care, would or should see that unless he yielded the right-of-way the vehicles might or would collide, without giving consideration to the relative distance and speed of the cars. In fact, no other element is likely to enter into a determination of this question.