Emmett A. Bentley, Appellee, v. Camp H. Olson, Appellant.

Gen. No. 43,128.

Opinion filed December 11, 1944. Released for publication December 27, 1944.

HINSHAW & CULBERTSON, of Chicago, for appellant; OSWELL G. TREADWAY, of Chicago, of counsel.

H. H. PATTERSON, of Chicago, for appellee; EDMUND C. MAURER, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Defendant seeks to reverse a judgment for $7,500, entered on the verdict of a jury in an action for personal injuries. At the close of all the evidence defendant moved for an instructed verdict in his favor, which was denied. When the verdict was returned defendant did not move for a new trial but made a motion for judgment notwithstanding the verdict, which was denied and judgment entered, from which he appeals.

The action grew out of a collision between the Plymouth automobile of plaintiff, driven by him, and a delivery truck of defendant, driven by defendant's employee. The collision occurred at the intersection of Fairview and Granville avenues in Park Ridge in Cook county on Saturday, August 29, 1942, at about 6:00 p. m. The only questions presented are whether the trial court erred in failing to hold as a matter of law plaintiff was guilty of contributory negligence or defendant free from negligence proximately causing the accident.

Negligence and contributory negligence are generally questions of fact for the jury and become questions of law only when the evidence considered most favorable to the party against whom the ruling is sought and when all reasonable inferences therefrom are such that reasonable minds will agree that the injury was the result of plaintiff's own negligence or that the defendant was not negligent. *Libby, McNeill & Libby v. Cook,* 222 Ill. 206; *Austin v. Public Service Co. of Northern Illinois,* 299 Ill. 112, 117; *Petro v.*

*Hines,* 299 Ill. 236, 240; *Pollard v. Broadway Cent. Hotel Corp.,* 353 Ill. 312, 322, 323; *Ziraldo v. W. J. Lynch Co.,* 365 Ill. 197, 199.

The evidence here tends to show that Fairview avenue is a public highway extending north and south; that Granville avenue is a public highway extending east and west, and that these streets intersect at right angles. The day of the accident was clear, the pavement of the streets in good condition, and the visibility good, there being no obstructions to vision—no buildings near the intersection.

Plaintiff was driving his Plymouth automobile north on the east side of Fairview avenue at a speed of about 15 miles per hour. His thirteen-year-old daughter and his wife sat with him in the front seat, he on the left side, Mrs. Bentley on the right side and the daughter between them. When plaintiff was about 30 feet south of the south curb of Granville he looked east and saw defendant's truck coming west on the north side of Granville, about 200 or 250 feet east of Fairview. He next saw the truck when it was about 100 or 150 feet from the east curb of Fairview. He was then almost to the south curb of Granville. He looked west and saw no traffic coming from that direction. The roadway of each street was 24 feet wide. Plaintiff's brakes were in good condition. He could have stopped his auto in 2 or 3 feet. He stepped on the accelerator, increasing his speed about 20 miles an hour and went across the intersection. When the front of his car was at the center of the north crosswalk of Granville, the rear of it was right along the north curb of the same street, about a foot or two south of the north curb. At that time the truck coming from the east hit the rear fender of the automobile. The automobile went up in the air, swinging, then turned over on its left side. Plaintiff says he was across the street before the collision occurred.

Mrs. Bentley testified that she saw the truck when their automobile was south of Granville, about two car lengths, and she saw it again just before it struck; that the Plymouth was almost across Granville at that time. Plaintiff says the last time he looked at the truck it was running straight west about two feet from the north curb of Granville. He did not blow a horn at any time.

The driver of the truck was Novak, a boy sixteen years of age, who had been driving it about three days. At the time of the trial he was absent in military service. The truck was a Chevrolet panel, used to deliver groceries. An affidavit of Mr. Kinderman was received as to what Novak would testify to if present. It was to the effect that he was driving at a speed of 20 miles an hour as he approached the intersection. In many other matters it contradicted plaintiff's testimony.

The uncontradicted evidence shows that there were no signal lights or traffic control of any kind on either street and there were no buildings on or near any corner of the intersection.

The defendant argues the proof does not disclose any negligence on the part of his driver. We are agreed the jury might reasonably find him negligent. With plaintiff's automobile in plain view, he drove right into it, when a slight deviation by him of a few inches would have prevented the collision. The jury found him negligent. The trial court approved. We also approve.

An automobile or truck is a dangerous instrumentality and a street intersection is an unusually dangerous place in which to drive. The law requires from both parties care commensurate with the danger. With the evident purpose of making travel in these places as safe as possible the legislature has enacted a statute (Ill. Rev. Stat. 1943, ch. 95½, par. 165 [Jones Ill.

Stats. Ann. 85.197]) which provides that except as therein stated:

" . . . Motor vehicles travelling upon public highways shall give the right of way to vehicles approaching along intersecting highways from the right, and shall have the right of way over those approaching from the left."

Defendant contends that under the facts his vehicle had the right of way under this statute, and this, as we view it, is the crucial question in this case. This court has interpreted the statute in a number of cases.

In *Partridge v. Eberstein,* 225 Ill. App. 209, we were asked to define when a vehicle was approaching an intersection within the meaning of this statute. We said:

"It would be very difficult, if not impossible, to lay down a rule in precise terms of measurement applicable to all cases. However, we suggest this: That a vehicle is approaching an intersection from the right, within the meaning of the statute, and entitled to the right of way when, on its left, on an intersecting street, another vehicle is approaching whose driver, in the exercise of due care would or should see that unless he yielded the right of way the vehicles might or would collide."

In *Heidler Hardwood Lumber Co. v. Wilson & Bennett Mfg. Co.,* 243 Ill. App. 89, the court reversed a judgment entered upon a verdict directed in favor of the defendant. It there appeared plaintiff's driver was going east at about 8 miles an hour. As he approached the intersection he saw the defendant's truck approaching from the south on an intersecting street about 150 feet from the intersection. The opinion states that the trial court had evidently relied on *McCarthy v. Fadin,* 236 Ill. App. 300, and that both the *McCarthy* and *Partridge* cases had relied upon the case

of *Brillinger v. Ozias,* 186 N. Y. App. Div. 221, where a similar statute was construed, but stated that a more recent decision of the court of appeals of that state in *Ward v. Clark,* 232 N. Y. 195, had given a preferable construction of the law. In that case plaintiff drove east, defendant north, on two intersecting streets. When about 75 feet from the point of collision plaintiff saw defendant's car which was then distant from that point about 150 feet. He cut off his power for an instant, reduced speed and measured with his eye the rapidity of the approach. The cars seemed to be going at about the same speed. Plaintiff looked again 40 feet from the point of collision and defendant was 80 feet away. The street that had to be crossed was only 30 feet wide. He pressed forward, thinking he had ample time, looking at the same moment in the other direction to assure safety there. As in this case, plaintiff almost made the crossing when the rear of his car was struck by the bumper of defendant's car. The jury returned a verdict for plaintiff, which was reversed by the Appellate Division and the complaint dismissed on the ground of contributory negligence. CARDOZO, J., in an opinion of the court of appeals reversing the Appellate Court and affirming the trial court, said:

"We think the case was for the jury. With the plaintiff's car forty feet away, and the defendant's eighty, there appeared to be sufficient clearance. So, at least, a reasonable man might not unreasonably believe. Sudden acceleration of the defendant's speed was not to be foreseen. Even with added speed, the defendant, if he had looked, could have avoided collision by a trifling bend to the left upon an unobstructed street. The plaintiff in shaping his own course might act on the assumption that common skill and prudence would shape the defendant's also. He was not required to foresee the defendant's blind and uncompromising adherence to an undeviating line. The supreme rule of the road is the rule of mutual forbearance."

After pointing out that defendant relied on the statute the court of appeals said:

"The privilege thus conferred is not inflexible and absolute. A right of way, like a burden of proof, will establish precedence when rights might otherwise be balanced. It helps us little when without it the balance would be unequal. A right of way might turn the scales if, when the plaintiff started to cross, the cars had been equidistant, or nearly so, from the point of collision, due regard being had also for the speed of their approach. Even with the distances what they were, it was an element which the triers of the facts were to consider in their estimate of conduct. That, in the circumstances of this case, is, we think, the extent of its significance. The plaintiff was not to wait until there was no other car in sight. Such a rule would be unworkable in crowded cities. He was to wait until it was reasonably safe to start. Whether he started when there was danger, was a question for the jury."

In *Schoenbacher v. Kadetsky*, 290 Ill. App. 28, plaintiffs' car was being driven north on Vincennes avenue in the City of Chicago, defendant's east on 42nd street. There was a collision at the intersection, with damage to the Schoenbacher car. There was a trial of the issues and a verdict of the jury for Schoenbacher, with judgment for plaintiff. It was argued on appeal that the court erred in instructing the jury that if they found plaintiffs' vehicle approached the intersection from the right before the defendant's approached it, and defendant failed or refused to give the right of way and this was the cause of the accident, the verdict should be for the plaintiff. Our opinion affirming the judgment said:

"Defendant's contention is that this instruction is wrong because the statute gives the party approaching from the right in such a situation the right of way over the person approaching from the left only when they reach the intersection at about the same time. We

think this is a correct statement of the law. *Salmon v. Wilson*, 227 Ill. App. 286; *Heidler Co. v. Wilson & Bennett*, 243 Ill. App. 89; *Ward v. Clark*, 232 N. Y. 195; *Fitts v. Marquis*, 127 Me. 75, 140 Atl. 909.''

In *Lawson v. Jorjorian*, 293 Ill. App. 431, plaintiff was driving west on Greenwood avenue, running east and west, intersecting 16th street, which ran north and south. The evidence showed that the cars were moving at about the same rate of speed and practically equidistant from the points of collision. We held the plaintiff guilty of contributory negligence, as a matter of law, and that she could not recover.

In *Krawitz v. Levinstein*, 320 Ill. App. 618, there was a collision between plaintiff's automobile and defendant's truck at an intersection. The automobile was going west on 58th street and the truck south in Albany avenue, which intersected it. There was a verdict of not guilty by a jury and plaintiffs appealed. An instruction was given in the language of the statute and the jury told that it was the duty of ''Joseph Krawitz to yield the right of way to said truck operated by said Cleveland Cook.'' We reversed and remanded the judgment, saying:

''This instruction was wrong for the reason that it failed to tell the jury that they must also take into consideration the distance the vehicles were from the point of collision and the speed of their approach. *Heidler Co. v. Wilson & Bennett Co.*, 243 Ill. App. 89.''

The opinion says:

''In that case, in an opinion written by Mr. Justice THOMSON, we reviewed the authorities on this right-of-way statute and pointed out that the true construction of such a statute was laid down in *Ward v. Clark*, 232 N. Y. 195, in an opinion by Judge CARDOZO. Other cases holding to the same effect are *Rupp v. Keebler*, 175 Ill. App. 619; *Salmon v. Wilson*, 227 Ill. App. 286; *Darling & Co. v. Yellow Cab Co.*, 238 Ill. App. 326;

*Schwartz v. Lindquist,* 251 Ill. App. 320; *Coleman v. Hait,* 293 Ill. App. 615; *Edwards v. Hill-Thomas Lime & Cement Co.,* 309 Ill. App. 168.''

In *Paliokaitis v. Checker Taxi Co.,* 324 Ill. App. 21, the *Krawitz* case is cited by the Third Division of this court with approval, and the judgment there was reversed because of an instruction laying down a different rule.

*Serletic v. Jeromell,* 324 Ill. App. 233, is to the same effect.

Courts of many other jurisdictions, construing similar right of way statutes, have held likewise. A few of these cases are *Frint v. Amato,* 131 Ore. 631, 284 Pac. 183; *McCartney v. Westbrook,* 132 Ore. 488, 286 Pac. 525; *Gendron v. Glidden,* 84 N. H. 162, 148 Atl. 461; *New York Telephone Co. v. Beckers,* 30 F. 2d (C. C. A.) 578. Each of these cases cites several authorities, all approving the rule as above stated in *Ward v. Clark,* 232 N. Y. 195. In conformity with these cases we hold the question of whether plaintiff was guilty of contributory negligence, barring recovery, was for the jury.

The judgment will be affirmed.

*Affirmed.*

O'CONNOR, J., concurs.

NIEMEYER, P. J., dissents: Plaintiff's contributory negligence is determined by his knowledge express or implied of the situation confronting him when he was required to act or refrain from acting. 38 Am. Juris. Negligence, § 184. He testified that when about 25 or 30 feet south of Granville avenue he saw defendant's truck approaching from the east, about 200 to 250 feet from the intersection; that when the front of his automobile had almost reached the south curb of Granville he saw the truck 100 to 150 feet to the east; he did not see the truck again until after the collision; there was nothing to obstruct his view. Although he says that he did not estimate the speed of the truck, it was

evident that in the interim between his first and second view of the truck it had traveled more than three times the distance he had gone. There was no indication that its speed would be reduced. As Granville avenue was 24 feet wide and plaintiff's car 16 feet long, plaintiff would be obliged to travel about 40 feet before his car would clear the intersection—a greater distance than he had traversed between his first and second look at the truck. Unless the truck was stopped or its speed reduced a collision was reasonably certain, if not inevitable, if plaintiff proceeded across Granville. In this situation plaintiff stepped on the accelerator and, closing his eyes, if not his mind, to the lessening distance of the truck contesting the right of way, plunged ahead across the intersection. This, in my opinion, is contributory negligence as a matter of law. This question is independent of defendant's negligence. *Russell v. Richardson,* 308 Ill. App. 11. I concur in the holding that defendant's negligence was a question for the jury.

The right of way at the intersection is not controlling. If we assume that plaintiff had the right of way, he was, nevertheless, obliged to exercise due care (*Thomas v. Buchanan,* 357 Ill. 270, 277.) Conceding the general rule that one has the right to assume that others will obey the law, and that plaintiff under normal circumstances would have the right to assume the driver of the truck would stop or have his car under control so as to avoid a collision, yet, as said in *Schlauder v. Chicago & Southern Traction Co.,* 253 Ill. 154, 159: "The presumption does not absolve one from exercising such care and prudence as a reasonably prudent person would under the same circumstances, . . . One who has an unobstructed view of an approaching train would not be justified in closing his eyes and crossing a railroad track in reliance upon the presumption that a bell would be rung or a whistle sounded. No one can assume that there will not be

violations of the law or negligence of others and offer the presumption as an excuse of failure to exercise care.'' Any presumption that defendant would obey the law vanished entirely when evidence contrary to the presumption was presented. *Coal Creek Drainage & Levee Dist. v. Sanitary Dist. of Chicago,* 336 Ill. 11. Here plaintiff was put on notice that the driver of the truck might not or could not control it and respect plaintiff's claim to the right of way. From the two views which plaintiff had of the truck he knew that it had approached to within 100 or 150 feet of the intersection at a speed more than three times the speed of his car, without any diminution of speed or indication of the driver's awareness of plaintiff's presence. Only a few more turns of the wheels of this fast-moving truck and the most alert and energetic action of the driver might be unavailing in avoiding a collision. There was no longer any presumption that the truck would yield the right of way. Plaintiff was then in a position of safety, where he could stop his car within a few feet, and could not lawfully insist on the right of precedence across the intersection. *Thrapp v. Meyers,* 114 Neb. 689; *Hooper v. Corliss,* 146 Wash. 50, 54; *Russell v. Richardson,* 308 Ill. App. 11, where the court stresses the lack of evidence that deceased saw the street car slacken its speed, and held that he was guilty of contributory negligence as a matter of law in walking across a street without looking after he left the curb. Plaintiff is not helped by defendant's evidence which is to the effect that the truck was traveling at all times at a speed less than plaintiff's testimony indicates and that it was nearer the intersection than plaintiff claims when he saw the truck the last time before the collision. The uncontradicted evidence shows that after seeing the approaching truck, plaintiff attempted to beat it across the intersection, and did not look again toward the truck. The driver of an automobile cannot exercise less care for

his safety than a pedestrian. This court has recently held that a pedestrian, entering an intersection and having the right of way, must as a matter of law look for approaching automobiles after leaving the curb. *Good v. Behrendt*, 321 Ill. App. 303 (abst.); *Moran v. Gatz*, 324 Ill. App. 45. Like holdings as to drivers of automobiles are found in *Kirchoff v. Van Scoy*, 301 Ill. App. 366, and *Walker v. Illinois Commercial Telephone Co.*, 315 Ill. App. 553.