In the Matter of the Estate of HAROLD H. SCHAFF, Deceased. WILLIAM E. BOSTWICK, Respondent; MARJORIE D. SCHAFF, as Administratrix of the Estate of HAROLD H. SCHAFF, Deceased, Appellant.— Appeal from a decree of the Surrogate's Court of Tompkins County allowing the claim of respondent against the estate of Harold H. Schaff, deceased, in the sum of $495.85, plus interest and an attorney's fee of $75. Decedent conducted a tutoring school known as the University Tutoring School in which respondent was employed as a tutor. The claim was for the sum of $495.85 as an alleged balance due for tutoring services. The chief proof offered to support the claim, and which was considered by the Acting Surrogate, was an account book. Respondent's wife identified the book, which covered a considerable period of time, and testified that it was kept in the office of the decedent at the school. Most of the entries therein were made by respondent. Appellant objected to the admission of the book on the ground that it involved a personal transaction with the decedent, and also to the conclusion of respondent's wife as to the amount due; but did not object to the competency of the witness otherwise under section 347 of the Civil Practice Act. The Acting Surrogate held that the book was not privileged and that respondent's wife was not barred from identifying it. Appellant argues in this court that even if respondent's wife was not precluded from testifying under section 347 that she was an interested witness and her uncorroborated testimony was insufficient to establish the claim. Decree unanimously affirmed, with costs. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ.

JOHN W. WAGNER, Respondent, v. ALBION J. ECKERT, JR., Appellant.— Defendant has appealed from a judgment of the Albany Trial Term of the Supreme Court in favor of plaintiff and also an order denying his motion for a new trial. The action was to recover damages for personal injuries which plaintiff sustained through the negligent operation of defendant's automobile. Only questions of fact are involved. The proof sustains the judgment. Judgment and order unanimously affirmed, with costs and disbursements. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ.

In the Matter of JAMES J. DONAHUE, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Review of a determination of the Commissioner of Motor Vehicles under article 78 of the Civil Practice Act which revoked the motor vehicle operator's license of petitioner. Determination annulled on the law and facts. Hill, P. J., Heffernan, Brewster and Deyo, JJ., concur; Russell, J., dissents, in the following memorandum: I dissent, on the ground that the operators of the two cars were approaching an intersection at a rate of speed on a wet pavement that revealed a lack of mutual forbearance. (Ward v. Clark. 232 N. Y. 195, 198.) Considering all the particular circumstances as shown by the evidence it may be reasonably concluded that the manner in which the petitioner was operating his car constituted reckless driving and plainly showed a reckless disregard of the consequences and indifference to the rights of others. (Matter of Cohn v. Fletcher, 272 App. Div. 1080, affd. 297 N. Y. 851; People v. Grogan, 260 N. Y. 138, 144.) [See post, p. 1076.]