Madeline Bessette, a Minor, by A. F. Bessette, Her Father and Next Friend, Yvonne McAvoy and Clarence D. McAvoy, Appellees, v. Eleanor Loevy, Appellant.

Gen. No. 46,917.

First District, Third Division.

October 17, 1956.

Released for publication November 28, 1956.

Peterson, Lowry, Rall, Barber & Ross, of Chicago, for defendant-appellant; A. R. Peterson, Harold W. Huff, and John W. Gilligan, of Chicago, of counsel.

James A. Dooley, of Chicago, for plaintiffs-appellees.

PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

In this action the two plaintiffs, Madeline Bessette, a minor, and Yvonne McAvoy, respectively recovered verdicts for personal injury in the amount of $35 and $10,000. Plaintiff Clarence McAvoy recovered a verdict for $300 for property damage. Defendant's motion for new trial was denied and judgments entered on the verdicts. Defendant appeals.

The action arises out of a collision between the automobile in which plaintiffs were riding and defendant's car in the intersection of Wellington and Sawyer Avenues in Chicago. Plaintiff Yvonne McAvoy was operating the automobile east on Wellington Avenue, and defendant was operating her automobile north on Sawyer Avenue. Defendant's approach to the intersection would be from the right of plaintiff's car. Both streets in question were paved streets of approximately the same width. There was a "Slow" sign for eastbound traffic located on the south side of Welling-

ton, west of the west curb of Sawyer. The cars collided in the intersection, the front of defendant's car coming in contact with the right side of the McAvoy car. Madeline Bessette, then four years old, was riding in the McAvoy car.

There were varying versions in the testimony of the witnesses as to which car first entered the intersection, defendant claiming that she had the right of way under the Motor Vehicle Act, because of her approach to the intersection from the right of the plaintiff's car.

Yvonne McAvoy testified that she was approaching Sawyer Avenue at about 20 miles per hour, and that she saw a sign saying "School" and applied her brakes, slowing down to about 10 or 15 miles per hour to cross the intersection. There was an apartment building at the southwest corner of the intersection. As she reached the intersection, she looked south on Sawyer Avenue and saw defendant's car coming north. At that time defendant's car was about 100 feet away. After starting to cross the intersection, she did not see the defendant's car again, because she was looking toward the school, which she was approaching.

Defendant testified that she stopped her car about 50 or 100 feet south of Wellington Avenue; that she started up again and had reached a speed of about 10 to 12 miles per hour at the time of the impact; and that her car and the McAvoy car entered the intersection at the same time. Defendant's version upon the trial differed from that given by her in a discovery deposition before trial, from which it appears that when she first saw the McAvoy car, it was already in the intersection, and she was at the intersection, and that she was not sure whether or not her front wheels had passed the intersection line.

After the collision, the McAvoy car came to a stop about 15 feet east of the east curb line of Sawyer

Avenue, and defendant's car came to a stop at the northeast corner of the intersection.

No point is raised as to the size of the verdicts. Defendant seeks a reversal because of the ruling of the court on an objection to the final argument of counsel for defendant; the refusal to give an instruction tendered by defendant as to the right of way; and the ruling with respect to the proffer of evidence tending to impeach Yvonne McAvoy.

The record discloses that defendant's counsel in his final argument to the jury, referring to defendant, stated:

"When she reaches a point just about even with the south curb of Wellington Avenue, I don't know, and she doesn't know, she is not trying to tell you she was over the line or something; she was about at that line. When she reaches that point she sees for the first time the McAvoy car coming and she said it is in the same relative position; it is in the same relative position going east—

"Mr. Sullivan: I object to that. That is his testimony. Counsel wants everybody to believe it was the same as the other car and she said and admitted four or five occasions that the McAvoy car was at or in the intersection.

"The Court: The Court will sustain the objection and the Jury will disregard it."

This ruling is assigned as error. Plaintiff's objection to the argument was based upon the holding in Wellner v. New York Life Ins. Co., 331 Ill. App. 360, 365, and cases there cited, wherein this court said:

"The defendant is entitled to a fair trial, free from prejudicial conduct of counsel, who in an argument undertakes to supply facts, or an inference favorable

to the plaintiff not based upon any evidence in the record."

The claimed prejudicial effect upon the jury, resulting from the ruling on the objection, we think was sufficiently removed when counsel for defendant, continuing in his argument, repeated: "The cars were about the same at the intersection." No objection was made to the latter statement, and the jury had the full benefit of it. We are convinced that upon the state of the record no prejudice resulted from the ruling. Furthermore, the alleged error was not assigned as a ground in the written motion for a new trial.

Defendant tendered the following instruction:

"The jury are instructed that there was in full force and effect at the time and place of the occurrence in question a certain statute of the State of Illinois providing, among other things, as follows:

" 'Except as hereinafter provided motor vehicles traveling upon public highways shall give the right-of-way to vehicles approaching along intersecting highways from the right and shall have the right-of-way over those approaching from the left.'

"The jury have a right to take said statute into consideration in passing upon the questions of negligence and contributory negligence as those terms are defined in these instructions."

The instruction tendered was in the language of the statute but was incomplete, since it did not contain the qualifications as to speed and distance, and the giving of such an instruction would be reversible error.

In Walker v. Shea-Matson Trucking Co., 344 Ill. App. 466, 472, we said:

"Our courts of review have repeatedly held that the right-of-way statute does not give an automobile ap-

proaching an intersection the absolute right of way over one approaching from the left without regard to the distance that vehicle may be from the intersection or the speed at which the vehicles are traveling. See Gauger v. Mills, 340 Ill. App. 1; Alexander v. Sullivan, 334 Ill. App. 42; Bentley v. Olson, 324 Ill. App. 281; Paliokaitis v. Checker Taxi Co., 324 Ill. App. 21; and Krawitz v. Levinstein, 320 Ill. App. 618. Although the instruction was in the language of the statute a modified construction was placed upon the statute by our courts of review and it should have been framed according to that construction and the jury properly instructed as to its legal effect. (Moran v. Gatz, 327 Ill. App. 480; Burns v. Jackson, 224 Ill. App. 519; Hemphill, Illinois Jury Instructions, vol. 1, sec. 237, p. 112.)"

Defendant argues that the omission from the tendered instruction as to speed and distance was supplied by plaintiff's instruction, which reads as follows:

"The court instructs the jury that if a vehicle approaching an intersection shall have reached and entered upon such intersection at a time when another vehicle is approaching said intersection from the right and such vehicle so approaching said intersection from the right is so far from said intersection that, if driven at a lawful and reasonable rate of speed under the circumstances, it will not reach the said intersection until the vehicle approaching from the left, if driven with due care, shall have safely crossed said intersection, then such vehicle approaching from the right shall not have the right-of-way over such vehicle approaching said intersection from the left."

The instruction given for plaintiff made no reference to the right-of-way statute, and although another instruction directed the jury to consider all of the instructions as a series, it is clear to us that the jury

could not know from the defendant's tendered instruction that it referred to the right-of-way instruction given for plaintiff. The jury might readily be led to believe that the statute quoted in defendant's tendered instruction gave defendant the absolute right of way.

Defendant contends that the trial court erred in denying her request to supply the qualifications lacking in the defendant's tendered instruction. No instruction was tendered to the court containing the lacking qualifications referred to, so as to afford to the trial court an opportunity to pass upon it, and we find nothing in the report of proceedings of the trial that such a request was made of the court when the instructions were being considered and before they were given to the jury.

Defendant upon the trial sought to impeach the witness, Yvonne McAvoy, after she testified that she developed double vision and had referred to it in her discovery deposition. A discovery deposition was taken of this plaintiff, and defendant sought to show by this deposition that she made no mention whatever of double vision when asked concerning her complaints of injury or ill-being. Defendant called the court reporter to the witness stand and asked the witness to read from her shorthand notes all the questions and answers appearing in the discovery deposition. She testified that she correctly transcribed her shorthand notes as to all questions and answers in the discovery deposition. The deposition was offered in evidence for the purpose of impeachment, which the court, upon objection, refused to admit. It appears there were many matters in the discovery deposition which would have no relation to the point of impeachment.

Rule 19—10 of the Supreme Court provides:

"Discovery depositions may be used only (a) for the purpose of impeaching the testimony of deponent as a

witness in the same manner and to the same extent as any inconsistent statement made by a witness . . . ."

Under the rule noted, it would have been error to allow the reporter to read to the jury the entire deposition or to receive the deposition in evidence, which contained matters having no bearing upon the subject of impeachment.

We think the defendant had a fair trial, and the judgments are affirmed.

Affirmed.

KILEY and LEWE, JJ., concur.