■ JOSEPH G. SIDARAS, Appellant, v. DANIEL J. CIPRIANO, Respondent.— In a negligence action to recover damages for personal injury, arising out of a two-car collision at an intersection, the plaintiff appeals from a judgment of

the Supreme Court, Nassau County, entered November 1, 1963 after a jury trial, dismissing the complaint at the end of plaintiff's case. Judgment reversed on the law, and a new trial ordered, with costs to plaintiff to abide the event. No questions of fact have been considered. Before the accident, plaintiff had completed a left turn of his automobile at an intersection, and had made two stops and starts, traveling upon the new course. His conduct was not to be appraised, therefore, in the light of the degree of care required of drivers in the act of turning. While defendant's automobile came from plaintiff's right and had the right of way, the relative positions, speeds and distances of the two vehicles were such as to require submission to the jury of both the issue of defendant's negligence and the issue of plaintiff's contributory negligence; under the circumstances it was error for the court to decide such issues as matter of law (cf. *Ward* v. *Clark,* 232 N. Y. 195). Beldock, P. J., Kleinfeld, Hill and Rabin, JJ., concur; Christ, J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion, the Trial Justice was quite correct in dismissing the complaint. The record shows that the plaintiff was making a left turn in a highway divided by a parkway mall. His car was at a full stop at the intersection when defendant's automobile was 125 to 150 feet away and was proceeding at a rate of 25 to 30 miles per hour. Plaintiff's automobile was behind the cover of the shrubbery on the mall, but plaintiff saw defendant's automobile. Plaintiff nevertheless drove his car from behind this obstruction directly into the face of defendant's oncoming vehicle. The weather was foggy and misty and it had just stopped raining. Upon this state of facts it was negligence as a matter of law for the plaintiff to proceed. No prudent man would have advanced his automobile into this precarious situation.