ROSWELL A. FITTS *vs.* DENNIS N. MARQUIS.

DENNIS N. MARQUIS *vs.* ROSWELL A. FITTS.

Penobscot. Opinion March 15, 1928.

*George E. Thompson,*
*Ross St. Germain,* for Roswell A. Fitts.
*William S. Cole,* for Dennis N. Marquis.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BARNES, BASSETT, PATTANGALL, JJ.

Dunn, J. Union street in Bangor, it approximates accuracy to say, runs northwest and southeast. Fourteenth street, which crosses Union, runs generally northeast and southwest.

On November 6, 1926, about four-thirty in the afternoon, the automobile of Roswell A. Fitts, then being driven for him by his son, was going northwesterly along Union street, bound toward and beyond Fourteenth. Dennis N. Marquis was driving his own automobile in a northeasterly direction on Fourteenth street, approaching Union which entered at his right. The two automobiles collided at the intersection of the streets and were damaged.

Mr. Fitts sued Mr. Marquis, and Mr. Marquis sued Mr. Fitts. On trial of the actions together in the Superior Court in Penobscot County Mr. Marquis won both cases.

Motions for new trials, each on the ground that the verdict offends law and is against evidence, have been argued to the Law Court in behalf of Mr. Fitts.

The law of the road has this provision:

"All vehicles shall have the right of way over other vehicles approaching at intersecting public ways from the left, and shall give the right of way to those approaching from the right; . . ." (1923 Laws, chap. 9).

This right of way is not absolute. The statute is a road regulation and not an inflexible standard by which to decide questions which arise over collisions at intersections of roads. The law does not confer the right of way without reference to the distance of the vehicles from the intersecting point, their speed, and respective duties. Precedence is not given under all circumstances to a vehicle on the right against a vehicle from the left. No driver, and especially no driver of an automobile, has leave to approach an intersection without using reasonable watchfulness and caution to have his vehicle under control. When approaching a highway crossing, as elsewhere on the public ways, eternal vigilance is essential to the practical matter of driving automobiles. If a situation indicate collision, the driver, who can do so by the exercise of ordinary care, should avoid doing injury, though this involve that he waive his right of way. The supreme rule of the road is the rule of mutual forbearance. *Mark* v. *Fritsch*, 195 N. Y., 282, 283, 284.

What is the purpose of the statute? Care, commensurate with the necessity for care, for the assurance of safety.

A right of way, it has been said, like a burden of proof, will establish precedence when rights might otherwise be balanced. *Ward* v. *Clark*, 232 N. Y., 195.

When a reasonably prudent man driving a vehicle on a public street, and approaching another street on which is a vehicle coming from his right, might otherwise be in doubt whether his or the other vehicle should go through the intersection first, the injunction of the statute operates that he yield to that other.

Moreover, if a driver, approaching a road on his right on which a vehicle is coming, neglect to observe that injunction, and in consequence an accident follow, an explanation of the occurrence must begin with presumption against him. *Dansky* v. *Kotimaki*, 125 Maine, 72.

In the cases at bar there was substantial conflict in the facts.

One of the witnesses for Mr. Fitts said that the Fitts motor car, on its proper side of the way, and to the extreme right of such way, had almost made the intersection when the Marquis car crossed Union street diagonally from Fourteenth, to the left, and struck the Fitts car.

Mr. Marquis told a different story. He testified that when, as his eye measured the distance, he was one hundred and fifty to two hundred feet from the intersection he looked to the right and saw Union street clear fully as far as he himself was from it; that "close to the corner" — the movements of other cars having occupied his attention meanwhile — he looked again to his right and for the first time saw the Fitts automobile, sixty or seventy-five feet away, moving straight for the intersection at the rate, which the witness estimated, of thirty to thirty-five miles an hour; that he (Marquis) immediately put on the foot brakes, turned his automobile about in the area of intersection it had but entered, and stopped the car short, leaving a ten-foot clearance to the right and like unoccupied space to the left, in the very street on which the Fitts car was coming. That car, continued the witness, took neither clearance but came on in undeviating line and with undiminished speed until it "sideswiped my automobile on its right side, about half way of the car."

There was testimony on each side by other witnesses from which the jury could have found corroboration, although corroboration was not in law necessary, for certain details testified to by the principal witnesses, but it would suffice no useful purpose to abstract that testimony.

Was Mr. Marquis negligent? Did he proceed ahead on his own street and into Union street in disregard of the intersection-way statute which he was bound to obey, and thus cause the collision? Did he take a chance which resulted in disaster? Or was Mr. Fitts' son guilty of neglect, attributable to driving at excessive speed (1921 Laws, chap. 211, sec. 62), to failure to exercise common skill and prudence to avoid collision, or otherwise? Which, if either, of the drivers, independent of any fault contributory to damage on the part of the other, was guilty of negligence? Or did both drivers fail to exercise the care that the circumstances justly demanded? All these were jury questions.

It is difficult from the printed record to say how the accident occurred. The "here" and the "there" of witnesses, in pointing to the plan of the scene of the accident, to supplement speech and to illustrate meaning, may have had significance not discernible to the seekings of the reviewing mind.

To the jury, no doubt, counsel argued appropriately to their opposite contentions. By the jury the credibility of the witnesses was tested, the accepted evidence was weighed, its effect and probative force determined. The triers of fact decided that Mr. Marquis was not liable for the injury to Mr. Fitts' automobile, and that negligence for which Mr. Fitts was responsible was solely the cause of the property damage sustained by Mr. Marquis.

Looking at the whole matter fairly the findings of the jury were reasonably warranted.

*Motions overruled.*