STATE of Maine

v.

**Paul MARSHALL.**

Supreme Judicial Court of Maine.

Argued Sept. 17, 1982.

Decided Oct. 19, 1982.

Janet T. Mills, Dist. Atty., Daniel W. Boutin (orally), Asst. Dist. Atty., Farmington, for plaintiff.

Paul K. Marshall (orally), pro se.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

DUFRESNE, Active Retired Justice.

Paul Marshall, the appellant, was found to have committed a traffic infraction in violation of 29 M.R.S.A. § 941[1] after a hearing in District Court (Farmington). The ensuing judgment imposed a fine of $250 (29 M.R.S.A. § 2303(1)), plus a 60-day license suspension (29 M.R.S.A. § 2305), both the fine and license suspension to be in turn suspended upon full restitution to the parties injured in the accident in such sum as the court may approve. On appeal, the Superior Court, Franklin County, deleted the District Court order for restitution as surplusage, but otherwise affirmed the judgment, remanding the case to the District Court for payment of the $250 fine and the license suspension.[2] The appellant has appealed to the Law Court. We affirm the judgment of the Superior Court.

The appellant contends that the findings of fact made by the District Court show, as a matter of law, reversible error, in that the presiding Judge did not give proper consideration to 29 M.R.S.A. § 944.[3] We disagree.

The critical findings of fact to which the appellant refers may be summarized as follows:

On June 6, 1981, at 2:45 in the afternoon, Paul Marshall was driving a motor vehicle in an easterly direction on the West Kingfield Road in Kingfield, while some two hundred feet ahead one Burchell Morrill was exiting in his automobile from a private driveway and turning to the right onto West Kingfield Road going westerly. The Morrill vehicle stayed to the extreme right of its lane of travel, while the Marshall vehicle drove into the Morrill lane of travel and collided with the Morrill car. At the time of impact, the Morrill vehicle was so

---

1. 29 M.R.S.A. § 941 provides in pertinent part as follows:

   When persons traveling with a team are approaching to meet on a way, they shall seasonably turn to the right of the middle of the traveled part of it so that they can pass each other without interference.....

   The statute applies to motor vehicles. 29 M.R.S.A. § 1(16); *see Hoch v. Doughty,* Me., 224 A.2d 54, 56 (1966).

2. The terms of the penalty, as finally adjudicated, are not contested as such in this appeal.

3. 29 M.R.S.A. § 944 provides in pertinent part as follows:

   ... The driver of a vehicle entering a public way from a *private* road, alley, *driveway* or building shall yield the right of way to *all* vehicles approaching on such public way .... (Emphasis added).

positioned that all four of its tires were on the pavement of the road surface, and never got closer than one and one half feet to the center of the road; also, the Morrill vehicle had completely executed its turn onto the roadway to travel in a westerly direction, the direction from which the Marshall car was coming.

Both sections 941 and 944 form an integral part of the comprehensive statutory structure designed by the Legislature to control vehicular operation in the State. Penalties are provided for disobedience of these *rules of the road* to secure compliance, the purpose behind them being to foster safety in traveling by providing norms of conduct in road situations where otherwise interference with traveling would expose the travelers to injury. *See Palmer v. Barker,* 11 Me. 338, 339 (1834). Each rule of the road, however, is not to be applied in a manner indicative of a sui generis character, but should be made to tie into the coordinated pattern which the several regulatory precepts were intended to promote. True, our Court has said that the traveler has the right to travel anywhere upon the way, *i.e.* in the middle or on either side of the travelled road, but, in the same breath, qualified the statement with the cliche, "no one else lawfully desiring to use it." *See Field v. Webber,* 132 Me. 236, 240, 169 A. 732, 734 (1933). Thus, this right is not an absolute privilege but something relative. *Field v. Webber, supra.* As with any road regulation, if a situation indicates a probable collision, the driver who by the exercise of ordinary care can avoid it must exercise forebearance, even to the extent of waiving his right of way, to prevent doing injury. *See Fitts v. Marquis,* 127 Me. 75, 77, 140 A. 909 (1928). A motorist is not justified in enforcing his right of way, if he has reason to believe that in doing so he will incur danger of collision. *Field v. Webber, supra.*

The record indicates that the judge presiding in District Court received evidence presented by the parties involved in the reference accident, but the appellant failed to furnish the Superior Court with any portion of the evidence given at trial for the purpose of reviewing the case on appeal. He argues that the court's legal conclusion to the effect that he was in violation of 29 M.R.S.A. § 941 must stand or fall on the facts specially found by the court and that, where the court made no finding of fact that a proper observation by the appellant under the existing circumstances might have brought timely notice to him that the Morrill vehicle would not yield the right of way as required by section 944, the findings actually made are conclusive of error as a matter of law. We disagree.

It is obvious that the findings of fact actually made by the District Court judge as brought up on appeal in this record did not present to the appellate court an adequate and clear demonstration of error in the trial court's conclusions of law and ensuing judgment. Without a transcript of the material portions of the evidence and without further additional findings of fact in lieu thereof in support of the appellant's position on appeal, we must view this record as inadequate. In such a situation, "we must assume that the trial court's decision is supported by the record generated below." *Giberson · v. Quinn,* Me., 445 A.2d 1007, 1010 (1982). *See also Baker v. Baker,* Me., 444 A.2d 982, 984 (1982). An appellant has the burden of supporting his appeal with a record sufficient in content to permit a fair consideration of the issues on appeal by the appellate court. *Meyer v. Meyer,* Me., 414 A.2d 236, 238 (1980).

In the instant case, the appellate court was not provided with the following essential facts whereby it could be determined whether the District Court judge erred as a matter of law in concluding that the appellant had violated the provisions of 29 M.R.S.A. § 941, facts which we may presume were developed at the evidentiary hearing: the speed of the Marshall car as it was approaching the driveway; the distance from the driveway at which the impact of the collision took place; the velocity of the Morrill auto as it proceeded out of the driveway; the existing visibility between the vehicles and the time involved for driver reaction prior to the accident; in other

words, whether the area was a built-up section with the driveway possibly creating a blind entryway. These evidentiary circumstances, unsupplied by the actual findings of fact and undisclosed otherwise in this record, were necessary factors for consideration by the trial court for a proper determination whether section 941 (the reasonable turning to the right of vehicles meeting on public ways) was violated in connection with its interplay with section 944 (the right of way of vehicles on public ways over vehicles exiting from private driveways). Without an adequate record for review, the appeal must fail. *Cutler Associates, Inc. v. Merrill Trust Co.,* Me., 395 A.2d 453, 455 (1978).

Therefore, the entry will be:

Appeal denied.

Judgment affirmed.

All concurring.