**Burchell D. MORRELL, et al.**

v.

**Paul MARSHALL.**

Supreme Judicial Court of Maine.

Argued Nov. 12, 1985.

Decided Dec. 17, 1985.

---

Berman, Simmons & Goldberg, P.A., Jennifer Nichols Ferguson (orally) William Robitzek, Lewiston, for plaintiffs.

Paul K. Marshall (orally) Kingfield, pro se.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

Defendant Paul Marshall appeals a judgment entered in Superior Court (Franklin County) after a jury found him liable for the damages suffered by plaintiffs Burchell and Virginia Morrell in a collision that occurred between the Marshall and Morrell automobiles in Kingfield on June 6, 1981. We hold that the Superior Court erred in admitting evidence that the state trooper who investigated the accident issued a summons charging Marshall with violating the "failure to yield" statute, 29 M.R.S.A. § 941 (1978), and that the District Court, after adjudicating that Marshall had committed the section 941 traffic infraction, fined him $250 and suspended his license for 60 days.[1]

Evidence of Marshall's traffic infraction adjudication was clearly hearsay. It recounted a statement made by an out-of-court declarant (namely, the District Court adjudication) offered in evidence to prove the truth of the matter asserted (namely, that defendant was driving on the wrong side of the road at the time of the collision). M.R.Evid. 801. The presiding justice recognized the hearsay problem, but ruled that the evidence was admissible pursuant to the hearsay exception provided in M.R.Evid. 803(22). That ruling was plainly wrong. Rule 803(22) cannot save this evidence from exclusion as hearsay. Its coverage is narrowly drawn, excepting only:

> Evidence of a final judgment, entered after a trial or upon a plea of guilty, adjudging a person guilty of *a crime punishable by death or imprisonment of one year or more,* to prove any fact essential to sustain the judgment....

(Emphasis added) Failure to yield, which Marshall was adjudicated to have committed, is a civil traffic infraction carrying only a fine and license suspension. It is not a crime at all, to say nothing of not being "a crime punishable by death or imprisonment of one year or more." As Field & Murray, *Maine Evidence* § 803.21, at 227 (1976), states:

> The [subdivision 22] exception does not include the use of civil judgments in subsequent litigation. The conviction must be for a crime punishable by death or imprisonment of a year or more. The purpose of this limitation is to exclude lesser offenses where the motivation to defend vigorously may be lacking.

Although in the case at bar Marshall vigorously defended himself against the charge of having committed the civil traffic infraction, and appealed both to the Superior

---

1. The Law Court affirmed the adjudication against Marshall for the section 941 traffic infraction in *State v. Marshall,* 451 A.2d 633 (Me. 1982), to which opinion reference is made for a statement of the facts of the Marshall-Morrell collision. *Id.* at 634–35.

Court and the Law Court, the District Court's judgment against him simply does not fall within the generic exception of M.R.Evid. 803(22). *See* J. Weinstein & M. Berger, 4 *Weinstein's Evidence* ¶ 803(22)[01], at 803–354 and –355. Regardless of the reliability of that evidence in the particular circumstances of this case, we have no basis in our rules for admitting this hearsay. The Maine Rules of Evidence do not contain a counterpart to Fed.R.Evid. 803(24) providing an open-ended exception for a hearsay statement "not specifically covered by any of the [23] foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness." *See id.* at ¶ 803(24)[01]; M.R.Evid. 803 advisers' note, *reprinted in* Field & Murray at 202, 208–09. We thus cannot engage in an *ad hoc* analysis of the reliability of this particular hearsay evidence.[2] We also are unable to find any other exception, or any exclusion, from the hearsay rule that justifies the admission of the evidence of the District Court adjudication.

The hearsay in question not only went to the heart of the factual issue that the jury had to decide, but also carried the heavy authority of a decision of the District Court. It put defendant in the position of asking the jury to second-guess the court that had already found that he had failed to yield, as well as the police officer who after investigation had charged him with that traffic infraction. That evidence effectively deprived defendant of an independent evaluation by the jury of the conflicting testimony regarding his negligence. He is entitled to a trial free of that handicap. Whether we review the mistaken admission of that evidence by either a "harmless error" or an "obvious error" standard, *see State v. True*, 438 A.2d 460, 467–69 (Me.

1981), we cannot let the judgment against defendant stand.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

---

**2.** Neither in the Superior Court nor here on appeal have the parties addressed the possible *res judicata* consequences of the traffic infraction adjudication against Marshall. *See* Field & Murray, *Maine Evidence* 227–28 (1976). In *Hossler v. Barry*, 403 A.2d 762 (Me.1979), we approved the offensive use of nonmutual issue

preclusion on a case-by-case basis. *See also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). We express no opinion on the matter. *See* Note, *The Expanding Collateral Estoppel Doctrine and Convictions for Traffic Offenses*, 53 Or.L.Rev. 94 (1973).