PA - Charles W Hodson III
DA - Harold L Stewart, II

STATE OF MAINE                                  SUPERIOR COURT
AROOSTOOK, SS.                                  Docket No. AP-00-010

SCOTT A. FAIRBANKS,                    )
                                       )
        Plaintiff/Appellant            )
                                       )
                v.                     )        **ORDER ON APPEAL**
                                       )
HORACE B. RUSSELL,                     )
                                       )
        Defendant/Appellee             )        JAN     001

This matter is before the Court on Plaintiff's appeal of a District Court

judgment holding both parties "equally negligent" and denying their respective

claims and counterclaims. For the following reasons, the Judgment is AFFIRMED.

## FACTS AND PROCEDURAL HISTORY

The parties are not in agreement as to fault. Plaintiff's insurance company,

having provided proper notice pursuant to M.R.Civ. P. 17(c), filed this negligence

action August 22, 1997 by and through its insured, Scott Fairbanks, to recover

$2,299.70 paid to Plaintiff for damages received to his vehicle in the December 13,

1996 automobile accident.

Plaintiff's complaint alleges that Defendant negligently drove his motor

vehicle against Plaintiff's motor vehicle, which was being operated by Plaintiff while

in the exercise of due care. Defendant filed a counterclaim. A previously granted

summary judgment in favor of plaintiff was set aside on December 13, 1999 for

1

improper service of the Motion for Summary Judgment.[1] The Decision and Judgment entered February 28, 2000 after a jury-waived trial found the parties equally negligent and responsible for the automobile accident and damages underlying Plaintiff's complaint and Defendant's counterclaim. Plaintiff filed for Relief from (1) the Order vacating summary judgment dated December 13, 1999; (2) the Decision and Judgment dated February 28, 2000; and (3) the Findings of Fact and Conclusion of Law dated March 9, 2000 pursuant to M.R.Civ.P. 52, 59, and 60. The Findings of Fact by the Court were in error. On May 24, 2000, the parties filed an agreed to Stipulation of Facts.[2] The Court, after reconsidering the facts, as corrected, concluded in its revised decision that the parties remain "equally at fault and

---

1. Summary judgment was entered when Defendant failed to respond. It was later determined that service was made directly on Defendant, not Defendant's attorney.

2. "1. . . . 3. Defendant pulled to the right side of the highway, allowed [a] truck to pass, activated his left turn indicators and proceeded to make a left turn into the Dickinson driveway with his signal lights continuing to indicate a left turn.
4. Defendant observed an automobile approaching on the hill in front of him but failed to observe the automobile operated by the Plaintiff which was lower on the hill and approaching from Defendant's front at any time until after the collision.
5. Plaintiff, operating his motor vehicle within the speed limit, came over the crest of a hill, saw Defendant's motor vehicle two hundred yards ahead stopped in the road way with its's turn signal indicating a left turn.
6. Plaintiff slowed his vehicle and continued toward Defendant, Plaintiff "assumed that (Defendant) had seen me. Plaintiff acknowledged that he was aware of Defendant's intention to make a left turn but believed the Defendant intended to let him pass. At a distance of 200 feet, Plaintiff said that he "knew there was going to be a problem" when Defendant started to make a left turn. Plaintiff steered his motor vehicle slightly to the left and applied his brakes.
7. Defendant's vehicle was struck in the center of the passenger's side by the front of Plaintiff's vehicle. Defendant's vehicle came to a rest in the Dickinson driveway, facing Route 212. At the time of the collision, Defendant's vehicle's front tires were at the opening of the Dickinson driveway.
8. Plaintiff was unable to recall the speed of his vehicle prior to, or at the time of the accident.
9. Trooper Corey Hafford, who investigated the accident, had no recollection of the accident independent of his report. He determined that neither vehicle was traveling at an excessive speed in view of the damage caused to the vehicles. The speed limit in the area was 45 miles per hour."

2

equally responsible for the damage to their respective vehicles. Plaintiff's failure to recognize the significance of Defendant's use of his light signalling an intention to turn to his left and failure to yield to Defendant when Defendant entered the driveway was equally balanced by Defendant's failure to observe Plaintiff approaching from the opposite direction."[3]

Plaintiff filed a Motion for Reconsideration. After a hearing on the Motion to Reconsider, the Court affirmed its decision. Plaintiff then appealed the June 1, 2000 Judgment to this Court pursuant to M.R.Civ. P. 76D.

## DISCUSSION

An appeal to the Superior Court from a District Court judgment must be on questions of law only; findings of fact cannot be set aside unless clearly erroneous. See M.R.Civ.P. 76D. A factual determination is clearly erroneous only if there is no competent evidence in the record supporting it. Citizens Sav. Bank v. Howland Corp., 1998 ME 4, ¶5, 704 A.2d 381.[4] Credibility decisions are solely within the province of the presiding judge. VanVoorhees v. Dodge, 679 A.2d 1077, 1080 (Me. 1996).

Plaintiff argues on appeal that the court incorrectly imposed on the Plaintiff a

---

3. The Court also affirmed its Order granting relief from summary judgment.

4. Under the clearly erroneous test, "a lower court's findings of fact will stand unless they clearly cannot be correct because there is *no* competent evidence to support them." Lewisohn v. State, 433 A.2d 351, 354 (Me. 1981) (emphasis in original). The function of an appellate Court is not to review a cold transcript and draw its own factual inferences. Id. Rather, an appellate court's review of factual findings is "limited to investigation of the record before it to determine whether competent evidence exists to support the lower tribunal's factual conclusions. It is only when no competent evidence exists to support those findings that reversal is appropriate." Id.

duty to anticipate that the Defendant would violate Maine law and Rules of the road, and that there is no evidence presented that there was anything that the Plaintiff could have been expected to do to avoid this accident. In support of his argument, Plaintiff claims that Defendant was clearly in violation of 29-A M.R.S.A. § 2053.5 (1996) and brings to the Court's attention Defendant's statement that if he had seen Plaintiff's vehicle, there would not have been an accident. Plaintiff also points to Trooper Corey's testimony that Defendant looked to the top of the hill but did not look at the bottom of the hill in the direction the Plaintiff was coming. (T 23). The Court notes that Defendant testified to a knoll in the road that may have obstructed his view of Plaintiff.

Plaintiff also argues the court erred in applying the "last clear chance doctrine." The Court agrees with Appellee that the Court is not applying the "last clear chance doctrine." Under 14 M.R.S.A. § 156, however, if a claimant is found equally at fault, as here, the claimant shall not recover.[5]

Although the record reflects that both Defendant and Plaintiff may have been negligent, neither party was issued a summons for violation of any motor vehicle

---

5. Where any person suffers death or damage as a result partly of his own fault and partly of the fault of any other person or persons, a claim in respect of that death or damage shall not be defeated by reason of the fault of the person suffering the damage, but the damages recoverable in respect thereof shall be reduced to the claimant's share in the responsibility for the damage. . . . Fault means negligence, breach of statutory duty or other act or omission which gives rise to a liability in tort or would, apart from this section, give rise to the defense of contributory negligence. . . . If such claimant is found by the jury to be equally at fault, the claimant may not recover.

14 M.R.S.A. 156 (Supp. 2000); Herrick v. Theberge, 474 A.2d 870 (Me. 1984).

law. Contrary to Plaintiff's assertion, the record does not establish that Defendant violated any statute. Accordingly, it is not Defendant's burden to "excuse his action." See State v. Marshall, 451 A.2d 633 (Me. 1982) (holding that each rule of the road is not to be applied in a manner indicative of a *sui generis* character, but should be made to tie into the coordinated pattern which the several regulatory precepts were intended to promote.) Id. at 635. "As with any road regulation, if a situation indicates a probable collision, the driver who by the exercise of ordinary care can avoid it must exercise forbearance, even to the extent of waiving his right of way, to prevent doing injury." State v. Marshall, 451 A.2d at 635 (citing Fitts v. Marquis, 127 Me. 75, 140 A. 909 (1928)). Thus, Plaintiff is not justified in enforcing his right of way, if he has reason to believe that in doing so he will incur danger of collision. See Field v. Webber, 132 Me. 236, 240, 169 A. 732, 734 (1933). Exercise of one's legal right of way "remains his right until circumstances develop which show the assumption to be unwarranted." Moore v. Fenton, 289 A.2d 698, 707 (Me. 1972).

Here, Plaintiff initially testified that all of a sudden Defendant turned to enter the driveway, and he just didn't have time to stop and that he had slammed on the brakes. On cross examination, Plaintiff testified that he had slowed from 45 miles per hour at about six hundred feet from the collision to about thirty miles per hour 200 feet from the collision. He also admitted that despite knowing he had a problem at two hundred feet, he did not apply his brakes until forty-five feet from the

5

collision. Defendant testified that the road was slushy.[6] Trooper Corey Hafford, investigating officer, did not observe whether there were skid marks at the scene but testified that the damage was not "what you would expect at a high-speed accident." Defendants argue that because Plaintiff took no action until approximately 45 feet from his vehicle and anticipated a problem at about 200 feet, that he may be negligent as "a matter of law . . . 'for failing to see what, in the exercise of ordinary care, he should see.'" Lewis v. Knowlton, 688 A.2d 912, 914 (Me. 1997) (citing Poirier v. Hayes, 446 A.2d 1261, 1264 (Me. 1983). The decision as to whether Plaintiff should have taken evasive action sooner was up to the trier of fact. Id.

The Court finds there is competent evidence in the record supporting the Court's decision. As such, the Findings of Fact were not clearly erroneous and the District Court did not make an error of law.

The docket entry is:

The appeal of the Plaintiff is DENIED, and the District Court's Judgment is affirmed.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 1\08\2021

Hon. Paul Pierson
JUSTICE, SUPERIOR COURT

---

6. An operator shall operate a vehicle at a careful and prudent speed not greater than is reasonable and proper having due regard to the traffic, surface and width of the way and of other conditions then existing. 29-A M.R.S.A. § 2074 (1996 & Supp. 2000).